State *v.* Dearborn.

STATE *versus* CHARLES H. DEARBORN.

An indictment alleged that defendant, on a day and at a place named, "with force and arms, in and upon the body of" a person named, "the said" person "being then and there a deputy sheriff within and for the county of Kennebec, legally authorized and duly qualified to discharge the duties of said office, and being then and there in the due and lawful execution of the same, did make an assault, and him, the said" person, "did then and there beat, wound and ill treat, and, in the due and lawful execution of his said office, did then and there unlawfully, knowingly and designedly obstruct, hinder and oppose, * * contrary to the form of the statute," &c.; *Held*, on demurrer,

1. That the indictment charged an assault and battery;

2. That the averments as to the official position of the person assaulted, and to the effect of the assault in hindering him from the performance of his official duties, are to be taken only as allegations in aggravation of the assault;

3. That it is not bad for duplicity; and

4. That judgment could be properly rendered upon the indictment, whether the matter alleged in aggravation were supported by proof or not.

ON EXCEPTIONS.

INDICTMENT, alleging that "Charles H. Dearborn of Winthrop, in said county of Kennebec, on the twelfth day of October in the year of our Lord one thousand eight hundred and sixty-six, with force and arms, at Readfield, in the county of Kennebec aforesaid, in and upon the body of one Josephus Stevens, the said Stevens being then and there a deputy sheriff within and for said county of Kennebec, legally authorized and duly qualified to discharge and perform the duties of said office, and also being then and there in the due and lawful execution of the same, and also being then and there in the peace of said State of Maine, did make an assault, and him the said Josephus Stevens did then and there beat, wound and ill treat, and, in the due and lawful execution of his said office, did then and there unlawfully, knowingly and designedly obstruct, hinder and oppose; and other wrongs to the said Stevens then and there did, to the great damage of him, the said Stevens, and

against the peace of said State, and contrary to the form of the statute in such cases made and provided."

To this indictment the defendant demurred, and, for cause of demurrer, alleged,

1. That the indictment is double, uncertain and informal; and

2. That the indictment, by concluding "contrary to the form of the statute," &c., charges a violation of the statute, whereas, if there be but one offence set forth, it is an offence at common law, if any.

*Whitehouse*, for the defendant.

1. The indictment is uncertain and informal. Because it does not show that the process was legal. *State* v. *Downer*, 8 Vt., 424; *State* v. *Hooker*, 17 Vt., 658; *McQuoid* v. *The People*, 3 Gil., (Ill.,) 76; *Cantrell* v. *People*, Ib., 356; 1 Wharton's American Crim. Law, § 1293.

Because it does not show that the process was in the hands of a proper officer. 5 East, 306; *State* v. *Hailey*, 2 Strobhart, (S. C.,) 73; 2 Chitty's Crim. Law, (3d Amer. ed., 144, note a,); the precedents in the same volume; the precedents in Archbold's Crim. Pleading, and the form given in Train & Hurd's Precedents of Indictments, and further authorities, requiring that the indictment shall show what the process is; that it is legal and in the hands of a proper officer.

It is important that the description of the offence should embrace these particulars, since the grade of the crime depends upon the character of the process in the officer's hands. 2 Hawk. P. C., c. 17, § 1; 1 Russ. on Crimes, 409.

2. If obstructing an officer is properly charged, the verdict is double, since an assault is properly set forth and is not alleged to have constituted a part of the principal offence.

An assault is not necessarily an element of the offence, because there are other means of obstructing an officer. 2 Chitty's Crim. Law, 144, note (a); 1 Bishop's Crim. Law, § 364.

State v. Dearborn.

3. The indictment is bad, because it describes a common law offence, and concludes "contrary to the form of the statute." 1 Wharton's Crim. Law, 183; *State* v. *Hart*, 34 Maine, 36.

This is not a mis-statement within the meaning of § 12, c. 131, R. S., but a wrongful statement. This statement occurred in *Damon's, alias Flint's, case*, 6 Maine, 148, and *Butman's case*, 8 Maine, 113.

The distinction between mis-statement and wrongful statement is real. Webster's Dict., art. mis-statement, p. 846.

BARROWS, J.—The substantive offence charged in this indictment is the commission of an assault and battery upon the person of Josephus Stevens. The averments as to the official position of Stevens, and as to the effect of the assault in hindering him from the performance of his official duties, are to be deemed and taken only as allegations in aggravation of the charge. There can be no doubt that the assault is well charged, in appropriate and technical terms. Judgment could properly be rendered upon the indictment, whether the matter alleged in aggravation were supported by proof or not.

Nor is the count bad for duplicity. It is both common and proper to insert, in a count charging an assault, the various matters that may tend to aggravate the offence. Nothing more is done, or attempted, here. The indictment seems to be a transcript, *mutatis mutandis*, of the one in *Commonwealth* v. *Kirby*, 2 Cush., 577, where the Court held the allegations "sufficient to authorize judgment and sentence against the defendant for an assault upon a constable while in the discharge of the duties of his office."

*Exceptions overruled.—Judgment for the State.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and TAPLEY, JJ., concurred.