THE COMMISSIONERS OF HIGHWAYS OF TOWN OF AFTON

*v.*

ISAAC L. ELLWOOD.

*Opinion filed December 18, 1901.*

1. HIGHWAYS—*road petition need not expressly state the facts to show qualifications of signers.* A petition prepared under section 31 of the Road and Bridge act, praying that an existing road be altered, widened or vacated or a new road established, need not expressly state the facts necessary to show that the signers were qualified to sign, where such qualification appears by recitals in the petition or in the record of the proceedings of the commissioners.

2. SAME—*when the petitioners need not reside within two miles of road.* Under section 31 of Road and Bridge act, if the petition is signed by twelve or more land owners, it is not an essential qualification that they shall reside within two miles of the road to be affected.

3. SAME—*service on a resident land owner cannot be had by delivering copy to occupant of land.* Jurisdiction of the person of a resident land owner in a proceeding to assess damages to the owners of lands over which a road is to be established, cannot, under a proper construction of section 43 of the Road and Bridge act, be had by delivering a copy of the notice to the occupant of the land, and by posting notice, etc., as in the case of non-resident owners.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

J. B. STEPHENS, for plaintiffs in error.

CARNES & DUNTON, and KENNEDY & FISH, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

But three questions are presented by this record: First, whether it is indispensable to the legality of a petition prepared under section 31 of chapter 121, entitled "Roads," etc., (Hurd's Stat. 1899, p. 1475,) praying that an existing road be altered, widened or vacated or a new road established, that the petition shall expressly state the facts necessary to show those signing the petition

were qualified to so sign; second, whether it is a necessary qualification of a petitioner that he shall reside within two miles of the road to be altered, widened, vacated or laid out; third, whether, in the proceeding to assess damages to the owners of lands over which a road is to be established, under the proper construction of section 43 of said chapter 121, jurisdiction of the person of a resident owner can be had by delivering notice to the occupant of such land and posting such notice in public places, etc.  We answer the questions in order as stated:

*First*—The statute does not, in terms, require the petition shall recite that those whose names are attached thereto are qualified to sign the same.  All that is, there fore, required is that such qualification shall appear in the record either by recitals in the petition or recitals in the record of the proceedings of commissioners.  15 Am. & Eng. Ency. of Law, (2d ed.) 362;  Elliott on Roads and Streets, 296.

*Second*—It is a necessary qualification of petitioners that they reside in the town, but under said section 31 of chapter 121 it is not indispensable that they shall reside within two miles of the road to be affected, if the petition bears the names of twelve land owners resident in the town.  The petition of a lesser number than twelve is not effectual to invest the commissioners with jurisdiction to act unless those signing as petitioners reside within two miles of the road to be affected and constitute two-thirds of the land owners who reside within that distance of the road.

*Third*—Section 43 in question is as follows:  "In case it shall appear, either from the certificate of commissioners, the affidavit of any person, or the return of any officer to whom the notice may be delivered for service, that there are non-resident or unknown owner or owners, who cannot be found and served within the county, such justice shall also cause notice to be delivered to the oc-

cupant of such lands, and the contents and nature thereof to be made known to such occupant and also to be posted in three of the most public places in the vicinity of such proposed road or alteration, at least ten days before the time fixed in the summons for hearing proof of damages, stating the time and place, as stated in said summons, and describing the road to be established or altered and the lands for which damages are to be assessed; and in case service is made upon any owner by posting notices as above provided, the justice shall continue said hearing for a period not exceeding twelve days."

It will be observed the section, as punctuated,—the comma following the word "owners,"—authorizes constructive service only as to "non-resident or unknown owner or owners, who cannot be found and served within the county." The only other modes of service is that provided by section 41 of the chapter, viz., by reading a summons to the land owner, or that under section 42, by delivering a copy of the summons to the guardian of any infant owner, or to the conservator of any owner who is insane or an habitual drunkard. It is argued that it was the legislative intent, in the enactment of the various sections of said chapter 121, to provide an effectual manner of securing the right of way for roads over all lands in the town, and, consequently, to provide a mode for obtaining jurisdiction, in all instances, of the persons of the owners of such lands, and that if said section 43 be read as punctuated, no means is provided of obtaining jurisdiction over the person of resident land owners who are intentionally or unintentionally absent from the county, or concealed, so that service of summons cannot be had upon them. It is suggested the legislature could not have been unmindful of the fact that in many instances persons resident of the different counties in the State are practically permanently absent from and can not be found in the county where they reside, as those engaged in the military, consular or civil service of the

government and in the discharge of duties of such positions away from their places of residence, or those whose private business is such that they cannot be found for long periods of time in the county in which they reside, etc., and that it cannot be conceived that when engaged in framing what was clearly intended to be, within itself, a complete code of laws for the establishment and opening of public highways, the law-making department should have purposely omitted to provide a mode for obtaining jurisdiction of the persons of resident owners who could not be served with summons. On this argument is based the insistence that the punctuation of said section 43 should not control its meaning, but that the section should be construed as though it read as follows: "In case it shall appear from the certificate of commissioners * * * that there are non-resident or unknown owners *or owners who cannot be found* and served within the county, such justice shall," etc. This reading would require the addition of the letter "s" to the word "owner" following the word "unknown," and that the comma following the words "or owners" be removed or disregarded.

We are reminded that it is a rule of construction that statutes may be read without breaks or stops, and that whether words belong to any particular branch of a sentence is to be determined from the consideration of the entire act, (*Perteet* v. *People,* 65 Ill. 230,) and that words importing the singular number may, by the provisions of section 1 of chapter 131 of the Revised Statutes, be extended to and applied to several persons or things. It has been declared that punctuation is but an unimportant aid to the construction of a statute. (23 Am. & Eng. Ency. of Law,—1st ed.—334.) It is frequently disregarded altogether, or the statute re-punctuated, if necessary to render the true meaning of the enactment, (*Hammock* v. *Farmers' Loan and Trust Co.* 105 U. S. 77,) or the statute read by the court with such breaks or stops as are manifestly required to give effect to the true meaning, as as-

certained upon an inspection of the context of the entire enactment. (*United States* v. *Lacher*, 134 U. S. 624.) This rule, as applied to statutes, grew largely out of the fact it was the custom to prepare bills for legislative action in writing and without punctuation, in which form they were adopted, wherefore punctuation in a statute was regarded as but the work of the engrosser of the bill or of the public printer. (*Doe* v. *Martin*, 4 T. R. 65; *Barrow* v. *Wadkins*, 24 Beav. 327; *Hammock* v. *Farmers' Loan and Trust Co. supra.*) The custom does not now prevail in our General Assembly. Section 13 of article 4 of the constitution of 1870 provides: "Every bill shall be read at large on three different days, in each house; and the bill and all amendments thereto shall be printed before the vote is taken on its final passage." The punctuation of a bill so adopted cannot be said to be the mere work of the engrosser or the public printer. The punctuation is rather a part of the act as adopted by the General Assembly, and while it remains subordinate to the text it may be of material assistance in determining the legislative intent. Certainly it should not be disregarded unless upon an inspection of the whole act or section involved it is apparent the punctuation operates to vary the true sense and meaning of the enactment. *Tyrell* v. *Mayor, etc.* 53 N. E. Rep. 1111.

The section under consideration, as printed, in point of grammatical construction and punctuation, is harmonious, and we think there is nothing in the text which makes it necessary we should construe the section to have a meaning other than that which appears from the reading thereof as printed. Moreover, we would not, as a mere matter of construction, impute to the legislature the intention to authorize the courts to proceed to a judgment of condemnation upon constructive notice to a resident land owner who was absent from the county without intention of avoiding process or changing his residence. The policy of our law is that judicial proceedings shall

proceed on personal notice or service, except in exceptional cases, and we would be loath to give any statute this extraordinary operation in the absence of an express provision to that effect. If the enactment in question is deficient in that it fails to provide a mode for obtaining jurisdiction of land owners of any class or under any conditions, the omission is a matter not for judicial but legislative action.

The judgment appealed from is consistent with the views herein expressed. It is affirmed.

*Judgment affirmed.*