ALBERT J. TAYLOR

*vs.*

INHABITANTS OF THE TOWN OF CARIBOU.

Aroostook.    Opinion February 8, 1907.

*Taxation.   Money at Interest.   Debts.   Statutory Construction.   Punctuation.
Statute 1845, chapter 159, section 4.   R. S., chapter 9, sections 5, 79, 80, 81.*

In the assessment of personal property for taxation under Revised Statutes, chapter 9, section 5, the amount which the person to be taxed is owing is to be deducted from the money which he has at interest and the debts due him.

The statute makes no distinction between money at interest and debts due the person to be taxed as to his right to have the same reduced in the assessment by the amount of debts which he is owing.

It is a principle of statutory construction that, when the meaning of a statute is in doubt, it is well to resort to the original statute and there search for the legislative will as first expressed.

While punctuation is subordinate to the text and can never control its plain meaning, yet in cases of doubt it may aid in its construction.

Whatever may have been the case formerly in England, when statutes were enrolled upon parchment and enacted without punctuation, in this State, where such a practice has never obtained, there is no reason why punctuation, which is intended to and does assist in making clear and plain the meaning of all things else in the English language, should be rejected in the interpretation of statutes.

On report.    Judgment for plaintiff.

Appeal to the Supreme Judicial Court, under Revised Statutes, chapter 9, sections 79, 80 and 81, from the decision of the assessors of the town of Caribou refusing to make an abatement of the plaintiff's taxes.

The "petition for appeal," omitting formal parts, is as follows:

"Respectfully represents Albert J. Taylor, of Caribou, in said County of Aroostook, that on a certain day, to wit, the 15th day of April, 1905, in accordance with the notification by the assessors of taxes of the town of Caribou, aforesaid, for the year 1905, he season-

ably made, subscribed and presented to said assessors a true and perfect list of his polls and of his estate, real and personal, not by law exempt from taxation, of which he was possessed on the first day of April, 1905, and then and there offered to make oath to the truth of the same.

"Yet the said assessors in making the assessment for the year 1905, wholly disregarded and ignored the list aforesaid, and assessed your petitioner for money at interest, assessing on said money at interest a tax of Twenty-three Dollars and ten cents ($23.10); whereas, in truth and in fact your petitioner owed debts on said first day of April, 1905, in excess of all money said petitioner had at interest and all debts due him on that day.

"And said petitioner further avers that afterwards, to wit, on the twenty-third day of December, 1905, he made written application to said assessors for an abatement of said tax of Twenty-three Dollars and ten cents ($23.10), being the amount of tax assessed against said petitioner for the year 1905, for money at interest. And in said application your petitioner stated the grounds on which he asked for this abatement; to wit, that he owed debts on said first day of April, 1905, in excess of all money he had at interest, and all debts due him, the said petitioner.

"And the said assessors declined to make any abatement as requested by your petitioner, and on the thirtieth day of December, 1905, gave your petitioner written notice to this effect.

"And your petitioner further avers that afterwards, to wit, on the sixteenth day of February, 1906, your petitioner in order to prevent distress of his property, paid under protest to Charles F. Ross, tax collector of the town of Caribou aforesaid, the said tax of twenty-three dollars and ten cents.    ($23.10.)

"Wherefore, your petitioner appeals from said decision of said assessors, and prays that he may be relieved by the court from said tax, and that he may be reimbursed out of the town treasury the amount of this abatement, and that judgment for the amount of this abatement shall be rendered against the town of Caribou aforesaid, and for the costs of suit, and that execution may be issued therefor."

The matter came on for hearing at the September term, 1906,

Supreme Judicial Court, Aroostook County, at which time an "agreed statement" of the following tenor was filed :

"In the above entitled case, the parties thereto agree to submit the same to the Law Court upon an agreed statement of facts, which agreed statement of facts is as follows: —

"That on the first day of April, A. D. 1905, the day on which the petitioner was assessed for taxes, the plaintiff was a resident of the town of Caribou; that the assessors of said town of Caribou were legally chosen and qualified; that all due and legal proceedings were had by the said assessors in relation to giving notice in writing to the Inhabitants of said town of Caribou, to make and bring in to them, true and perfect lists of their polls and all their estates, real and personal, not by law exempt from taxation, of which they were possessed on the first day of April of that year; that the plaintiff seasonably and in accordance with the notification by the assessors of taxes for the year 1905, made, subscribed and presented to said assessors a list of his polls and estate of which he claimed he was possessed on the first day of April, A. D. 1905, and then and there offered to make oath to the truth of the same.

"That the said assessors of the town of Caribou, duly assessed the plaintiff for money at interest, as set forth in the petition for appeal, which may be copied and referred to by either party; that the plaintiff on the first day of April, A. D. 1905, and at the time of the said assessment, had, and was possessed of, the amount of money at interest for which he was taxed ; that on the same day the plaintiff owed debts which amounted to as much, or more than he had money at interest upon which the tax was laid.

"It is further agreed that the plaintiff seasonably took an appeal after the assessors of said town of Caribou declined to make any abatement and gave due and proper notice of his appeal; that the plaintiff thereafterwards, to wit, on February 16th, A. D. 1906, in order to prevent distress of his property paid, under protest, to the collector of the town of Caribou, the said tax assessed by said assessors upon money at interest, which tax amounted to twenty-three dollars and ten cents ($23.10); and this suit is for the recovery of that sum, being the amount of tax so assessed against this plaintiff.

"The parties agree to limit the issue in this case to the question as to whether on the above agreed statement of facts the plaintiff could be legally assessed for money at interest within the meaning of chapter 9, section 5, and other tax laws of the Revised Statutes. If the plaintiff could be legally taxed under the above statement of facts, the town of Caribou is to prevail in this suit; but if the petitioner could not be legally taxed for money at interest under the above statement of facts, then the plaintiff is to prevail."

The case was then reported to the Law Court as agreed.

*Albert B. Donworth and Charles Carroll,* for plaintiff.

*Foster & Foster and Eugene A. Holmes,* for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Appeal to the Supreme Judicial Court, under R. S., chapter nine, sections 79, 80 and 81, from the decision of the assessors of Caribou refusing to make an abatement of the appellant's taxes. The case comes before the Law Court on report and presents a single question for determination. The appellant seasonably made, subscribed and presented to the assessors a list of the estate of which he claimed he was possessed on April 1, 1905, and offered to make oath to the same. He had one thousand dollars money at interest and owed debts which amounted to as much or more than that sum. The assessors assessed him for the amount of money which he had at interest, without making any deduction from the same on account of the debts which he owed, and on application refused to make any abatement of this tax.

Personal estate for purposes of taxation is defined by R. S., chapter nine, section five, to include, among other things, "all obligations for money or other property; money at interest, and debts due the persons to be taxed more than they are owing." The defendants claim that in this statute the words "more than they are owing" relate to debts alone; the plaintiff contends that they modify and relate to money at interest as well as to debts.

As the statute now reads the legislative intention does not appear

clear. The punctuation, the comma after "interest," seems to favor the defendants' interpretation. On the other hand the two subjects of taxation are intimately related. Money at interest is included in debts, and whether all debts which bear interest would be money at interest might sometimes be questioned. The rest of the clause, "due the person to be taxed" relates to money at interest as well as to debts. The legislature evidently intended to include in this description, "money at interest and debts due the persons to be taxed," all debts whether bearing interest or not; and there would seem to be no reason in justice why it should apply a different rule of taxation to one than to the other. If the defendants are right in their interpretation the man who has one thousand dollars at interest and is paying interest on many times that amount, must be taxed for the one thousand dollars. On the same hypothesis if A and B should for their mutual accommodation swap their notes for one thousand dollars each on interest, two thousand dollars of taxable property have been thereby created, although neither man is worth a cent more than he was before the transaction.

This court has frequently declared that, when the meaning of a statute is in doubt, it is well to resort to the original statute and there search for the legislative will as first expressed. *Cummings* v. *Everett*, 82 Maine, 260; *French* v. *Co. Coms.* 64 Maine, 583. The statute under consideration is a part of section four, chapter 159, Public Laws of 1845, which reads as follows: "Personal estate shall, for the purpose of taxation, be construed to include all goods and chattels, moneys and effects, wheresoever they may be—all ships and vessels,— whether at home or abroad—all obligations for money or other property; money at interest and debts due the persons to be taxed, more than they are owing—all public stocks and securities—all shares in moneyed corporations, whether within or without the state—all annuities payable to the person to be taxed when the capital of such annuity is not taxed in this state—and all other property, included in the last preceding state valuation for the purposes of taxation." The words are precisely the same as in R. S., chapter nine, section three, but the punctuation is materially different. In the original act there is no comma after the word "interest," and there

is one after the word " taxed," thus making it at once clear that the clause " more than they are owing " relates to and modifies both money at interest and debts due the persons to be taxed.   For twelve years the statute remained as originally enacted until the revision of 1857 which retained the grammar but changed the punctuation ; and in the same form it appears in all the revisions since.   A change in phraseology in the re-enactment of a statute in a general revision does not change its effect unless there is an evident legislative intention to work such a change.   *Hughes* v. *Farrar*, 45 Maine, 72 ; *Cummings* v. *Everett*, supra.   The reason for the rule applies with equal force to changes in punctuation.

We are aware that it has been repeatedly asserted by courts and jurists that punctuation is no part of a statute, and that it ought not to be regarded in construction.   This rule in its origin was founded upon common sense, for in England until 1849 statutes were enrolled upon parchment and enacted without punctuation.   No punctuation appearing upon the rolls of Parliament, such as was found in the printed statutes simply expressed the understanding of the printer.   Such a rule is not applicable to conditions where, as in this State, a bill is printed and is on the desk of every member of the legislature, punctuation and all, before its final passage.   There is no reason why punctuation, which is intended to and does assist in making clear and plain the meaning of all things else in the English language, should be rejected in the case of the interpretation of statutes.   Cessante ratione legis cessat ipsa lex.   Accordingly we find that it has been said that in interpreting a statute punctuation may be resorted to when other means fail ; *Ewing* v. *Burnet*, 11 Pet. 41 ; that it may aid in its construction ; *Albright* v. *Payne*, 43 Ohio St. 8; that by it the meaning may often be determined ; Endlich Int. of Statutes, section 61 ; that it is one of the means of discovering the legislative intent; *Howard Savings Inst.* v. *Newark*, 63 N. J. L. 547 ; that it may be of material assistance in determining the legislative intention.   *Coms. of Highways* v. *Ellwood*, 193 Ill. 304.   " The punctuation however is subordinate to the text and is never allowed to control its plain meaning, but when the meaning is not plain, resort may be had to the marks, which for centuries have

been in common use to divide writings into sentences, and sentences into paragraphs and clauses, in order to make the author's meaning clear." *Tynell* v. *The Mayor*, 159 N. Y. 239.

In the case at bar looking at the statute in the light of the original act of 1845 as it was then punctuated and remained unchanged until the revision of 1857, it is clear that, as the appellant had no money at interest due him more than he was owing, he should not have been assessed for money at interest. The amount of the tax was $23.10 and he is entitled to an abatement to that extent. It is alleged in the application and admitted in the report that he has paid this tax to the collector of the town. He is therefore entitled to judgment for that amount against the town. R. S., chapter 9, section 81.

> *Judgment for the appellant against the town of*
> *Caribou for $23.10 and taxable costs.*