JAMES H. CONNOR AND ALIDA L. CONNOR

*vs.*

INHABITANTS OF SOUTHPORT.

Lincoln.     Opinion, April 9, 1940.

*Tupper & Harris*, for appellants.
*Francis W. Sullivan*, for appellee.

SITTING: BARNES, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

WORSTER, J. On exceptions to the acceptance of the report of referees.

On petition of W. Prichard and Mary L. Browne, inhabitants of the town of Southport in our County of Lincoln, and pursuant to the provisions of R. S., Chap. 27, Sec. 16, the municipal officers of that town laid out a private way for said petitioners, running from the land occupied by them, over the land of the appellants, to a certain town way, all in said Southport, and awarded $400 damages to the appellants, to be paid to them by the petitioners before the way should be used or improved to make it convenient for travel. This laying out was reported by said officers to said town, and was thereafterwards accepted by said town by vote in a town meeting duly called therefor, and warned and notified as required by law.

The appellants appealed directly to the Superior Court held at Wiscasset, in said county, on the second Tuesday in May, 1939, and in said court they claimed, as their reasons of appeal:

"... that the statute providing for the taking of private land for private purposes is unconstitutional; that no proper petition was filed with the selectmen; that no proper laying out order was filed by the selectmen, and that the damages awarded by the selectmen were inadequate."

By agreement of parties, the matter was referred to referees, under rule of court, with exceptions reserved as to matters of law.

The referees who heard the case reported an award to the appellants of $750 damages; and to their report, the appellants seasonably filed written objections on the grounds, briefly stated, "That the Statute claimed by the appellees to authorize the laying out of the private way across the appellants' land is unconstitutional ..." and that the laying out order was insufficient, in that it did not state

whether the way laid out should be subject to gates and bars, as required by statute.

So far as the award of damages is concerned, this appeal, taken directly to the Superior Court, is expressly authorized by R. S., Chap. 27, Sec. 20 ; but the question of damages is not now before us. The appellants are confined to the reasons stated in their written objections, and since they did not therein object to the amount of damages awarded to them, that question is not open to them here. Moreover, they do not now complain of the damages awarded to them by the referees.

Now while the appellants' appeal directly to the Superior Court was the proper procedure to present the question of damages for determination, yet it was not the proper course to take in order to appeal from the laying out of the way. The legislature expressly and definitely pointed out the procedure to be followed in taking an appeal from the laying out of a way, in R. S., Chap. 27, Sec. 25, which reads as follows :

"When the municipal officers unreasonably neglect or refuse to lay out or alter a town way, or a private way on petition of an inhabitant, or of an owner of land therein for a way leading from such land under improvement to a town or highway, the petitioner may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular session, who shall give notice thereof to all interested and act thereon as is provided respecting highways. When the decision of the municipal officers is in favor of such laying out or alteration, any owner or tenant of the land over or across which such way has been located shall have the same right of petition. When the decision of the commissioners is returned and placed on file such owner or tenant or other party interested has the same right to appeal to the superior court as is provided in sections sixty-one to sixty-four inclusive ; and also to have his damages estimated as provided in section eight."

It is to be noticed that under the provisions of this statute, persons aggrieved by the action of the municipal officers in laying out a private way have the same right to petition the county commissioners for relief, as is afforded to those aggrieved by failure of the

municipal officers to lay out a way. The only appeal to the Superior Court which is authorized by this section is from the decision of the county commissioners. No such appeal is presented here, and, so far as disclosed by this record, the appellants have never even presented a petition to the county commissioners, as provided in said statute.

Therefore, there is no appeal before us from the laying out of the way, unless the procedure followed by the appellants is authorized by R. S., Chap. 27, Sec. 33, which reads as follows:

"Any person or persons aggrieved by the action of the municipal officers may appeal to the superior court in the manner, and subject to the same provisions as set out in section twenty providing for appeals for damages estimated in laying out a town way."

Whether or not the appellants have a remedy under the section last quoted, depends on the will of the legislature, as expressed in that statute; and in a search to ascertain that will, resort may be had to the original statute. *Taylor* v. *Caribou*, 102 Me., 401 at 405, 67 A., 2.

For, as said by Emery, J., in *Cummings et al.* v. *Everett et al.*, 82 Me., 260, 264, 19 A., 456:

"Usually a revision of the statutes simply iterates the former declaration of legislative will."

This section was originally enacted as Section 3 of Chapter 161, of the Public Laws of Maine, 1929, where it reads as follows:

"Persons aggrieved may appeal. Any person or persons aggrieved by the action of the municipal officers may appeal to the supreme judicial court in the manner and subject to the same provisions as set out in section twenty of chapter twenty-four of the revised statutes providing for appeals for damages estimated in laying out a town way."

That chapter, however, did not purport to authorize the taking of land from another for any kind of a way, but, as indicated in its title, was "An Act to Regulate the Plotting of Private Lands for Streets or Ways and Imposing Conditions for Recording Maps or Plans of Private Land with Streets or Ways Thereon" and cast

upon the municipal officers certain duties in connection therewith. It is perfectly apparent that the purpose and intent of the legislature in including Section 3 in that chapter was only to provide a remedy for persons aggrieved by the action of the municipal officers in improperly discharging, or failing to discharge, the duties required of them by that chapter, and not to provide a remedy for other grievances. The incorporation of that section, as Section 33, in the Revised Statutes, directly following the incorporation therein of the other sections of said Chapter 161, with nothing to indicate any change of intent, other than to substitute superior court for supreme judicial court, does not alter or enlarge the scope and meaning that section had when first enacted. *Cummings et al.* v. *Everett et al.*, supra.

Therefore, R. S., Chap. 27, Sec. 33, affords no remedy to the appellants, and they having failed to take their appeal from the laying out of the private way, in the manner provided by R. S., Chap. 27, Sec. 25, have no appeal properly before us.

*Exceptions overruled.*