**John J. HAYES**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Oct. 30, 1968.

Donald P. Allen, Biddeford, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from the denial of post-conviction relief.

The appellant is in execution of sentence imposed upon his conviction for arson (17

M.R.S.A. § 152), under an indictment which reads in pertinent part as follows:

"That, John J. Hayes, of Old Orchard Beach, in the County of York and State of Maine, on or about the thirteenth day of September, 1966, at said Old Orchard Beach, did, in the nighttime of said day, feloniously, willfully and maliciously set fire to and thereby burn a certain building erected for public use, to wit, a schoolhouse there situate, to wit the Federal School in said Old Orchard Beach, property of The Inhabitants of the Town of Old Orchard Beach."

The validity of the conviction and sentence imposed thereon is challenged upon the following points:

(A). That the indictment was insufficient by reason of failing to allege:

(1) That the building burned was within the curtilage of a dwelling house, and

(2) That a dwelling house was endangered thereby.

The reference statute reads as follows:

"Whoever willfully and maliciously sets fire to any meetinghouse, courthouse, jail, town house, college, academy or other building erected for public use, or to any store, shop, office, barn or stable of his wife or another within the curtilage of a dwelling house, so that such dwelling house is thereby endangered and such public or other building is thereby burned in the nighttime, shall be punished by imprisonment for any term of years; but if such offense is committed in the daytime or without the curtilage of and without endangering a dwelling house, by imprisonment for not less than one year nor more than 10 years."

The contention of insufficiency of the indictment is centered upon interpretation of the statute and focused upon the absence of a comma after the word "endangered" in

line 8 above, contrary to earlier versions of the statute. The appellant urges that the absence of this comma forces a construction of the statute whereby allegations relative the "curtilage of a dwelling house" and "that such dwelling house is thereby endangered" are essential elements of the crime of burning a public building in the nighttime.

The resolution of this issue is reached by applying a principle of statutory construction which has been recognized in a number of cases [1] and expressed in Taylor v. Inhabitants of Town of Caribou, 102 Me. 401, 406, 67 A. 2. In *Taylor* the issue turned upon the presence of a comma, and the court after recognizing cases in other jurisdictions which held that in interpreting a statute punctuation "may be resorted to when other means fail; * * * that it may aid in its construction; * * * that it is one of the means of discovering the legislative intent; * * *" adopted the rule that

"The punctuation however is subordinate to the text and is never allowed to control its plain meaning, but when the meaning is not plain, resort may be had to the marks, which for centuries have been in common use to divide writings into sentences, and sentences into paragraphs and clauses, in order to make the author's meaning clear."

*Taylor* then went on (page 407, 67 A. 2) to apply and affirm the principle that the history of a statute is pertinent in casting light upon its meaning. The legislative intent controls. Jenness v. State, 144 Me. 40, 45, 64 A.2d 184.

State v. Taylor, 45 Me. 322, 329, interpreted the statute of 1857 (R.S.1857 Chapter 119 § 3) which read as follows:

"Whoever willfully and maliciously sets fire to any meeting house, court house, jail, town house, college, academy, or other building erected for public use, or

---

1. Blood v. Beal, 100 Me. 30, 37, 60 A. 427; Haseltine v. Shepherd, 99 Me. 495, 498, 59 A. 1025 (punctuation is an un-

certain guide); and State v. McNally, 34 Me. 210, 221.

to any store, shop, office, barn, or stable of another within the curtilage of a dwellinghouse, so that it is thereby endangered, and such public or other building is thereby burnt in the night time, shall be punished by imprisonment for life, or any term of years; but if such offence was committed in the day time, or without the curtilage of, and without endangering a dwellinghouse, by imprisonment not less than one, nor more than ten years."

It was held that the offense therein proscribed was of two grades. The burning in the nighttime of a public building and the burning in the nighttime of a building of the *store, shop, etc.* category *within the curtilage* of a dwelling house whereby the dwelling house was endangered, are offenses of the higher grade. If any such building, of either class, is burned in the daytime, it is an offense of the lower grade. If the building is in the shop, store, etc. class, and is without the curtilage of a dwelling house, and no dwelling house is endangered thereby, it is the lesser offense, though burned in the nighttime. "Such, we believe to be the plain and obvious construction of the statute." State v. Taylor, supra, 45 Me. at page 330.

From the statute of 1857 so interpreted there have been only the following changes: (The line references are to the statute as it appears above).

R.S.1871 Chapter 119 § 3, no change.

R.S.1883 Chapter 119 § 3, the word "burnt" in line 9 was changed to the word "burned". Subsequent changes in spelling or word forms such as "dwellinghouse" to "dwelling-house" or "dwelling house" are not relevant.

R.S.1903 Chapter 120 § 3, the comma following the word "academy" in line 3 was removed; the comma following the word "barn" in line 4 was removed, and the words "for life, or" were removed, and the word "for" substituted in the place thereof.

R.S.1916 Chapter 121 § 2, the phrase "so that it is thereby endangered" in lines 7 and 8 was changed to read "so that such dwelling-house is thereby endangered."

R.S.1930 Chapter 130 § 2, the verb "was," after the word "offence" in line 12 is changed to "is."

By Public Laws 1935 Chapter 71 the phrase "stable of another" in lines 5 and 6 was amended to read "stable of *his wife or* another" which change was reflected in R.S. 1944 Chapter 118 § 2, but without other change.

In R.S.1954 Chapter 131 § 2, the commas after the word "endangered" in line 6, and after the words "day time" in line 9 were removed. It is to the deletion of the comma after the word "endangered" that our attention is focused.

The current statute (17 M.R.S.A. § 152) is the same as R.S.1954.

The only change in the 1857 statute, which was interpreted in State v. Taylor, which has come about other than by periodic revision was the change made by Chapter 71 of the Public Laws of 1935.

An examination of the arson statute from the original in the Revised Statutes of 1821, Chapter 4, §§ 2, 3, to the 1857 statute serves only to confirm the interpretation in State v. Taylor, inasmuch as in the original statute and the revision of 1840 (R.S.1840 Chapter 155 §§ 3, 4) what since 1857 has been in one section was then in two sections, one pertaining to burning in the nighttime, and the other to burning in the daytime.

■ The holding of State v. Taylor, 45 Me. 322, remains the law. The offense of night-time burning of a public building is distinct from that of night-time burning of a building of the shop, store, etc. category within the curtilage of a dwelling house whereby such dwelling house is endangered. The curtilage clause applies only to the shop, store, etc., class of buildings.

The indictment here properly charged the higher grade of arson and upon conviction carried the higher penalty.

Appeal denied.

DUFRESNE, J., did not sit.