**STATE of Maine**

**v.**

**Judith YOUNG.**

Supreme Judicial Court of Maine.

Argued April 30, 1984.

Decided May 31, 1984.

James E. Tierney, Atty. Gen., Wayne S. Moss, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Michael J. O'Donnell (orally), Bethel, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The State appeals from the Superior Court (Oxford County) pretrial dismissal of

---

the indictment against defendant for Class B Theft, 17–A M.R.S.A. §§ 353, 362(2)(A) (1983). The State contends that the Superior Court's authority to dismiss a criminal prosecution under 15 M.R.S.A. § 891 (Supp. 1983–1984) is limited to prosecutions involving Class D and Class E crimes. We agree and therefore we vacate the dismissal entered by the Superior Court.

Maine law permits a presiding justice to dismiss certain criminal prosecutions without the acquiescence of the prosecuting attorney. 15 M.R.S.A. § 891 provides as follows:

> When a person has been admitted to bail or is committed by a judge, or is indicted, or held upon a complaint and warrant for an assault or other Class D or E crime as defined by Title 17–A, section 4–A, for which the party injured has a remedy by civil action, except aggravated assaults, assaults upon or resistance of a law enforcement officer as defined by Title 17–A in the execution of his duty, and assaults of such officers, if the injured party appears before the judge or court, and in writing acknowledges satisfaction for the injury, the court, on payment of all costs, may stay further proceedings and discharge the defendant. The judge may exonerate the bail and release the obligors, supersede the commitment by his written order and exonerate the bail of the witnesses. (footnote omitted).

On motion by this defendant and after hearing, the Superior Court concluded that section 891 authorized the dismissal of the present indictment for Class B Theft. The Superior Court concluded that because the phrase "or is indicted" is set off by commas, the statute refers to all indictments without limitation. We decline to adopt the Superior Court's construction of the statute.

 The significance which the defendant urges us to attribute to the comma after the word "indicted" would be misplaced. It is true that punctuation can sometimes be a useful tool in the interpretation of a statute, *see, e.g., Labbe v. Nissen Corp.*, 404 A.2d 564 (Me.1979), however, punctuation is "subordinate to the text and is never allowed to control its plain meaning." *Taylor v. Inhabitants of the Town of Caribou*, 102 Me. 401, 406, 67 A. 2, 4 (1907). If the placement of commas creates an ambiguity in the meaning of a statute, legislative history, rather than punctuation, determines legislative intent. *See Sawyer v. State*, 382 A.2d 1039 (Me. 1978); *Hayes v. State*, 247 A.2d 101 (Me. 1968); *Taylor v. Inhabitants of the Town of Caribou, supra.* The legislative history of section 891 reveals that the legislature intended the statute to apply only to Class D and E crimes.

The original version of section 891,[1] enacted in 1841, predates the system for classifying criminal offenses enacted as part of

---

1. The provision authorizing dismissals was originally contained in two separate sections. The first section applied where the defendant was committed to jail or recognized to answer:

> Sect. 25. Any person committed or recognized to answer to a charge of assault and battery or other misdemeanor, for which the party injured may have a remedy by civil action, except when the offence was committed by or upon a sheriff or other officer of justice, or riotously, or with a felonious intent, if the injured party shall appear before the magistrate, who made the commitment or took the recognizance, and acknowledge in writing that he has received satisfaction for the injury, the magistrate in his discretion, may, on payment of all costs, discharge the recognizance, or supersede the commitment, by an order under his hand; and may also

discharge the recognizances of all the witnesses taken in the case.
P.L. 1841, ch. 171, § 25.

The second section applied where the defendant was indicted and it read as follows:

> Sect. 25. When a person, indicted for an assault and battery, or other misdemeanor, for which the party injured may have a remedy by a civil action, except felonious assaults, or assaults upon an officer of justice, or resisting him while in the execution of his office, or assaults and batteries of such officers, if the injured party shall appear in court and acknowledge satisfaction for the injury, the court may, on payment of all costs, order a stay of all further proceedings, and discharge the defendant from the indictment, which shall bar all remedy by action for the injury.
P.L. 1841, ch. 172, § 25.

the Maine Criminal Code.[2] Originally, the statute spoke in terms of felonies and misdemeanors. The court was authorized to dismiss cases involving "a charge of assault and battery or other misdemeanor ... except when the offence was committed by or upon a sheriff or other officer of justice, or riotously, or with a felonious intent." Subsequent versions of the statute continued to speak of dismissing cases of assault and battery and other misdemeanors with the exception of certain types of assaults.[3]

Defendant contends that historically the statute permitted dismissal of all type of crimes—both felonies and misdemeanors—except those specifically listed. She reasons that if the earlier versions of the statute had applied only to misdemeanors, the exception for crimes such as "felonious assault" would have been superfluous. As support for her position she directs our attention to the current provisions of section 891, which prohibit the Superior Court from dismissing cases involving aggravated assault (Class B),[4] and assault on an officer (Class C).[5] She concludes that the exceptions for these specific Class B and C crimes, negate the conclusion that section 891 applies only to Class D and E crimes.

Defendant's analysis of the pre-code versions of section 891 fails to recognize the unique historical status of the crime of assault and battery. Prior to the enactment of the criminal code, assault and battery was neither a felony nor a misdemeanor. *State v. Davenport*, 326 A.2d 1 (Me. 1974); *State v. Bey*, 161 Me. 23, 206 A.2d 413 (1965); *State v. McKrackern*, 141 Me. 194, 41 A.2d 817 (1945); *Rell v. State*, 136 Me. 322, 9 A.2d 129 (1939); *State v. Cram*, 84 Me. 271, 24 A. 853 (1892); *State v. Dearborn*, 54 Me. 442 (1867). Upon conviction the sentencing justice exercised his discretion in imposing a sentence equivalent to that authorized either for misdemeanors or for felonies. The latter sentence would be appropriate only where aggravating factors were proved.[6] *See, e.g., Rell v. State*, 136 Me. at 325–27, 9 A.2d at 130–31. The pre-code versions of section 891 thus permitted dismissals in all prosecutions for misdemeanor crimes and in prosecutions for assault and battery except where certain aggravating factors were present.

■ The most recent amendment to section 891 deleted such terms as "misdemeanor" and substituted the terminology of the code.[7] The intent of the legislature, as reflected in the statement of fact accompanying this amendment, was to conform the statute's "reference to 'felony' and 'misdemeanor' to language adopted by the Maine Criminal Code."[8] Section 891 now permits dismissal of "an assault or other Class D or E crime." The reference to "assault" and the exceptions for the crimes of aggravated assault and assault on an officer are the vestigial remains of earlier versions of the statute. The legislature's perpetuation of outmoded terms does not evidence a legislative intent to authorize a court to dismiss all classes of crime. We hold therefore that section 891 of Title 15 authorizes dismissal upon the stated conditions only in prosecutions involving Class D and Class E crimes. The Superior Court erred by dismissing the indictment against defendant alleging Class B Theft.

---

**2.** *See* 17-A M.R.S.A. § 4(1) (1983).

**3.** *See* R.S. ch. 133, § 16 (1857); R.S. ch. 133, § 18 (1871); R.S. ch. 133, § 18 (1883); R.S. ch. 134, § 20 (1903); R.S. ch. 135, § 20 (1916); R.S. ch. 145, § 20 (1930); R.S. ch. 134, § 20 (1944); R.S. ch. 147, § 20 (1954).

**4.** 17-A M.R.S.A. § 208 (1983).

**5.** 17-A M.R.S.A. § 752-A (1983 & Supp.1983–1984).

**6.** Until 1974, the indictment did not have to allege aggravation and did not indicate whether the prosecutor sought a misdemeanor punishment or a felony punishment. *See State v. Davenport*, 326 A.2d 1, 9 (Me.1974) (imposing requirement that indictment allege aggravation).

**7.** P.L. 1979, ch. 663, § 102.

**8.** L.D. 1964, Statement of Fact (109th Legis. 1980).

The entry shall be:

Order of dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.