**STATE of Maine**

v.

**Alfred J. PINETTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1996.

Decided July 16, 1996.

Geoffrey Rushlau, District Attorney, Michael P. Turndorf, Assistant District Attorney, Bath, for State.

Richard W. Elliott, II, Elliott & Elliott, Boothbay Harbor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, and RUDMAN, JJ.

GLASSMAN, Justice.

Alfred J. Pinette appeals from the judgment entered in the Superior Court (Sagadahoc County, *Crowley, J.*) pursuant to the jury verdict finding him guilty of tampering with a victim, Class B, 17–A M.R.S.A. § 454 (Supp.1995). Pinette does not challenge the sufficiency of the evidence to support his conviction. His sole contention is that it was obvious error for the trial court to fail to instruct the jury that the State had the burden of disproving beyond a reasonable doubt that his conduct was a permissible attempt to obtain an accord and satisfaction. We affirm the judgment.

Pinette was indicted for the offense of tampering with a victim in violation of 17–A M.R.S.A. § 454(1)(B) that provides in pertinent part:

1. A person is guilty of tampering with a witness, informant or victim if, believing that an official proceeding ... or an official criminal investigation is pending or will be instituted, that person:

  . . . .

B. Uses force, violence or intimidation, or promises, offers or gives any pecuniary benefit with the intent to induce a witness, informant or victim:

  (1) To withhold any testimony, information or evidence;

  (2) To refrain from attending any criminal proceeding or criminal investigation; or

  (3) To refrain from attending any other proceeding or investigation to which the witness, informant or victim has been summoned by legal process. . . .

  . . . .

2. . . . . Tampering with a victim is a Class B crime.

At the trial of the matter, pursuant to a request by Pinette, the trial court instructed the jury that "[i]f [they] find that the defendant was attempting to negotiate an accord and satisfaction [1] this may raise a reasonable doubt as to the defendant's guilt."

■ The State contends that 15 M.R.S.A. § 891 does not justify conduct that would constitute the offense of tampering with a victim. We agree. A party is entitled to a jury instruction only if it states the law correctly. *State v. Deering,* 611 A.2d 972, 974 (Me.1992) (citations omitted); *see also State v. Daniels,* 663 A.2d 33, 34 (Me.1995) ("Jury instructions 'should state the law which is relevant and applicable to the particular facts in controversy.' ") (quoting *State v. Tibbetts,* 379 A.2d 735, 737 (Me.1977)). In *State v. Young,* 476 A.2d 186, 188 (Me.1984), we vacated the trial court's dismissal of a Class B theft, pursuant to 15 M.R.S.A. § 891, on the ground that the trial court's authority to dismiss a criminal prosecution pursuant to section 891 was limited to prosecutions involving Class D and E crimes. Because section 891 does not permit the conduct here charged, it cannot be said that the trial court's instruction to the jury affected substantial rights of Pinette. M.R.Crim.P. 52(b).

The entry is:

Judgment affirmed.

All concurring.

---

1. The accord and satisfaction referenced here is found within 15 M.R.S.A. § 891 (Supp.1995) that provides in pertinent part:

    When a person has been admitted to bail or *is* committed by a judge, or is indicted, or held upon a complaint and warrant for an assault or other Class D or E crime ... for which the party injured has a remedy by civil action ... if the injured party appears before the judge or court, and in writing acknowledges satisfaction for the injury, the court, on payment of all costs, may stay further proceedings and discharge the defendant.