2001 ME 111

## STATE of Maine

v.

## Paul YOUNG.

### No. Cum–01–113.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 28, 2001.

Decided: July 18, 2001.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Charles G. Williams III, Lewiston, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Paul Young appeals from the judgment of the Superior Court (Cumberland County, *Fritzsche, J.*) affirming the decision of the District Court (Portland, *Lawrence, J.*) denying Young's motion to dismiss three Class D charges pending against him. Young's motion to dismiss was premised on an accord and satisfaction he had reached with the alleged victim of his crimes. *See* 15 M.R.S.A. § 891 (Supp. 2000).[1] Contrary to Young's contentions, his appeal from the discretionary determi-

---

1. The accord and satisfaction statute, entitled "Dismissal on satisfaction of private injury; discharge of bail," reads, in its entirety:

    When a person has been admitted to bail or is committed by a judge, or is indicted or held upon a complaint and warrant for an assault or other Class D or E crime, as defined by Title 17–A, section 4–A, for which the party injured has a remedy by civil action, except aggravated assaults, assaults upon or resistance of a law enforcement officer as defined by Title 17–A in the execution of a law enforcement officer's duty, assaults of those officers, crimes involving family or household members as defined in Title 19–A, chapter 101 and mo-

nation of the District Court does not fall within any recognized exception to the final judgment rule. Thus, we dismiss the appeal.[2]

The entry is:

Appeal dismissed.

lesting lobster gear pursuant to Title 12, chapter 619, if the injured party appears before the judge or court and in writing acknowledges satisfaction for the injury, the court, on payment of all costs, may stay further proceedings and discharge the defendant. The judge may exonerate the bail and release the obligors, supersede the commitment by written order and exonerate the bail of the witnesses.

15 M.R.S.A. § 891 (Supp.2000).

2. Young's contention that we must accept this appeal because the District Court violated his due process rights when it allowed the State to be heard on his motion is without merit. The court may, in the exercise of its discretion, dismiss a charge over the objection of the State, or "without the [State's] acquiescence." *State v. Young*, 476 A.2d 186, 187 (Me.1984). It does not follow, however, that the State may not be heard. The State is a necessary and proper party to the proceeding. *See id.* at 186 (recording the appearance of the Attorney General on behalf of the State).