STATE *vs.* LINWOOD E. CRAM, and another, Appellants.

Cumberland.    Opinion February 4, 1892.

*Assault and Battery. Infamous Crime. Jurisdiction. Declaration of Rights, Art. I, § 7.    U. S. Const. (Amend.) Art. 13, § I.*

A complaint before a municipal court, charging an assault and battery does not necessarily imply that an infamous crime is alleged because such an offense may be punished by imprisonment for a term of years. As the statute also allows the sentence to be no more than a nominal fine the grade of the offense must be determined by the evidence adduced rather than by the fact alleged.

The Legislature is not prevented by any constitutional provision from conferring jurisdiction upon trial justices and police or municipal courts to sentence a person to confinement in jail for a period exceeding thirty days; nor from conferring a greater jurisdiction upon municipal or police courts than upon trial justices.

ON EXCEPTIONS.

The case came before this court on exceptions to the overruling by the presiding justice of the Superior Court of Cum-

berland county, of defendants' motion to dismiss the complaint, charging them with assault and battery ; also to the overruling of their demurrer to the complaint. The complaint originated in the municipal court for the city of Portland, and the defendants having been found guilty and sentenced to imprisonment and labor in jail for the term of sixty days, appealed to the Superior Court.

*Frank W. Robinson*, County Attorney, for the State.

*Frank and Larrabee*, for defendants.

The offense, viewed in the light of the sentence imposed, is an infamous crime under the reasoning of the court in *Ex parte Wilson*, 114 U. S. pp. 427 *et seq.*, for when committed in execution of the sentence the convicts would be obliged to submit to all the degredation mentioned by the court in that case as constituent elements of an infamous crime.

The sentence imposed shows that the judge of a municipal court adjudged the offense to be one of a "high and aggravated nature," and being such, "trial justices and judges of municipal and police courts" have no jurisdiction to try and punish it. The accused, therefore, have a right to have the facts relating to the case investigated by a grand jury before they can be put to their defense, and the attempt by the legislature to confer, by special act, on one municipal court a right to impose a more severe sentence for the same offense, or to deprive the accused, if the crime is of such a nature as cannot in any other court be tried and punished without the interposition of a grand jury, of the right to have such preliminary examination, is a subversion of the due and impartial administration of justice and is in violation of the spirit and letter of the constitution.

Counsel cited : R. S., c. 132, § 4 ; Declaration of Rights, Art. I, § 7 ; Amendments, U. S. Const. Art. 13, § 1.

PETERS, C. J. This complaint alleges, in common form, an assault and battery. Upon trial in the municipal court for the city of Portland, the respondents were found guilty and sentenced to an imprisonment in jail, for sixty days, from which sentence an appeal was taken to the Superior Court. In the

latter court a motion was filed to dismiss the proceedings because an infamous crime is charged by the complaint, the prosecution for which should have been initiated through an indictment by the grand jury. The respondents also demurred to the complaint.

Whilst this may be an irregular way to reach the point aimed at in behalf of the respondents by their counsel, we prefer to consider the question now rather than to postpone it to a later period of the proceedings, thereby saving time and expense for all parties.

The real contention of the defense is that the municipal court cannot sentence an offender to an imprisonment for over thirty days, and that the constitution forbids it. We are unable to assent to the proposition.

It is argued that, inasmuch as the act of assault and battery may be punishable so severely as by imprisonment for five years in the state prison, any complaint for an offense of the kind legally charges an infamous crime.

It is true that the usual test of the magnitude of an offense has been considered to be the nature of the charge preferred, rather than the amount of punishment to be inflicted therefor. The crime and not the punishment renders the offender infamous according to the common law. But the innovation in the practice caused by the legislature in the punishment lately prescribed by it for the offense of assault and assault and battery necessarily creates an exception to the rule. Whilst by our statute an assault may be punished by five years' imprisonment, or by one day's confinement in jail, or by the merest nominal fine, still, the offense is now usually charged in the same terms whatever the punishment may be. And so it has been decided that the degree of the offense in any particular case must depend upon the proof adduced and not upon the facts alleged. The proof may constitute it a felony or only a petty misdemeanor. *State* v. *Jones,* 73 Maine, 280. It cannot, therefore, be anticipated that these respondents would, if sentenced by the Superior Court, be punished by more than a fine without imprisonment. Upon the proof would depend the measure of the punishment.

It has been recently decided in this State that any sentence to imprisonment for a period of one year or more conclusively implies that an infamous crime was intended to be charged, and that the offender could be so punished only upon indictment and conviction and not by conviction upon merely a complaint against him. *Butler* v. *Wentworth, ante* p. 25   The implication of that decision is that any sentence to punishment by confinement in jail for any time less than one year would not indicate that an infamous crime had been charged or committed.

But the defense contends that, irrespective of forms of allegation or any inferences deducible therefrom, municipal courts are or should be of the same grade as that of justices of the peace or trial justices, and that they cannot exercise a greater criminal jurisdiction than that exercisable by justices of the peace when our State constitution was adopted; which jurisdiction at that date did not empower justices of the peace to impose sentences of confinement in jail for a longer period than thirty days.   In support of this position appeal is made to section seven of the declaration of rights, a part of our State constitution, which provides that "no person shall be held for a capital or infamous crime, unless on a presentment or indictment of a grand jury, except in cases of impeachment, or in such cases of offenses as are usually cognizable by a justice of the peace." The defense contends that, by force of the above exceptive clause, what justices of the peace did in 1820, they and all kindred courts can now do and no more; and that all offenses not then usually cognizable by such justices are to be denominated felonies or infamous crimes.

It will be noticed that the above qualifying clause cannot be read literally and be sensible.   The literal construction would be that persons shall not be held for an infamous crime unless upon indictment, excepting such infamous crimes as are usually cognizable by justices of the peace.   No such exception is contained in the corresponding declaration in the fifth amendment to the constitution of the United States, of which ours, as far as that goes, is a copy.

But the meaning is evident enough.   The principal provision

was not to trench upon or in any way abridge the jurisdiction of justices of the peace as usually exercised by them. There is, however, no assertion or implication that justices of the peace may not possess an enlarged jurisdiction at a future time according to the growing requirements of the administrative law, provided always that they be not allowed to assume jurisdiction to punish infamous crimes or felonies. And an assault punished by a sentence to jail for sixty days or six month is by no means to be regarded as a felony. Can it be reasonably supposed, because the maximum jurisdiction of justices of the peace when our constitution was adopted was in civil cases twenty dollars, and in criminal cases the power to sentence for thirty days, that the legislature is prohibited from ever raising that jurisdiction to the extent of a dollar or a day? If it be so, there has been a multiplicity of infringements upon such constitutional inhibition. The clause in question was intended, not to restrict the jurisdiction of justices of the peace, but to prevent what might otherwise be a supposable restriction. And the words "usually cognizable" meant such as at any time might be usually so cognizable. It was a provision for the future. It is the language of the past speaking in the present. Construed to-day, it means "as are [now] usually cognizable by justices of the peace."

The counsel for respondents queries whether it is not unconstitutional legislation to endow municipal courts with criminal jurisdiction exceeding that allowed to justices of the peace. We think that question is settled in the negative by the principle established in the case of *Missouri* v. *Lewis*, 101 U. S. 22. A discrimination of the kind objected to may be found in different forms of legislation. There are two classes of justices of the peace, one being of the peace and quorum. Thirty years ago a grade was established between justices of the peace with ordinary powers and trial justices. We can see no constitutional or other objection against establishing grades between inferior courts so long as excessive jurisdiction is conferred upon none of them. See *In re Claasen*, 140 U. S. 200.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.