ZIGMOND RELL *vs*. STATE OF MAINE.

Penobscot.      Opinion, November 17, 1939.

*Arthur L. Thayer*, for plaintiff.
*John T. Quinn*, County Attorney, for State.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. Writ of error reported from the Superior Court for final determination. The indictment, with copies of docket entries and commitment papers, are made a part of the report.

In the Trial Court, Zigmond Rell, alias Zigmont Rell, as respondent, was tried and found guilty on an indictment charging that "on one George A. Perkins (he), feloniously did make an assault, and him, the said George A. Perkins, then and there feloniously did strike, beat, bruise, wound, and ill treat," etc. After verdict, he was sentenced to imprisonment in the state prison for the term of not less than two and not more than four years, was committed, and it may be assumed is now serving his sentence.

The statute providing for the prosecution and punishment of persons guilty of assault and assault and battery, in force when this offense was committed, is Revised Statutes 1930, Chap. 129, Sec. 27, as amended by Public Laws 1933, Chap. 92, Sec. 6, which reads:

"Whoever unlawfully attempts to strike, hit, touch, or do any violence to another however small, in a wanton, wilful, angry, or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault; and if such attempt is carried into effect, he is guilty of an assault and battery, and any person convicted of either offense when it is not of a high and aggravated nature, shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months or by both such fine and imprisonment; and when the offense is of a high and aggravated nature, the person convicted of either offense shall be punished by a fine of not more than $1,000, or by imprisonment for not more than 5 years, when no other punishment is prescribed."

The gist of the error assigned in the writ is that the sentence imposed was not authorized by law inasmuch as the indictment does not allege that the assault and battery was of a high and aggravated nature.

At common law, there were no degrees of the offenses of assault or assault and battery, and the term aggravated assault had no technical and definite meaning. The punishment varied according to the discretion of the court, but the grade of the offense was the same. II Wharton's Criminal Law (11th Ed.), Sec. 838; 6 C. J. S., 915. As

to aggravated assaults and batteries, Mr. Bishop, in his work on Criminal Law, Ninth Edition, Vol. 2, page 32, says: "Strictly, an aggravation of an offence is some act or intent not required to constitute it, but made by law a ground for a higher or increased punishment. Thereupon the offence thus aggravated is often, yet not always or necessarily, called by another name. Still, from early times, when misdemeanors were punished by whatever fine or imprisonment the judge might deem it right to impose, it has been the judicial habit to look upon assaults as more or less aggravated by such attendant facts as appealed to the discretion for a heavy penalty. So that in practical language we speak of assault as aggravated in the latter circumstances the same as in the former." See *Cornelison* v. *Com.*, 84 Ky., 583, 600, 2 S. W., 235.

The general statutes of this state prohibiting criminal assaults and batteries and providing punishment therefor, as they appear in the Public Laws and Revisions of Statutes for now more than half a century, have followed the common law, defined the crimes without recognition of or distinction as to their grades, and while a limit was put upon the amount of the fine or the term of imprisonment which could be imposed, sentence was otherwise left entirely to the discretion of the court. The law as written into R. S. 1930, Chap. 129, Sec. 27, embodies the essential provisions of all prior applicable statutes and reads:

"Whoever unlawfully attempts to strike, hit, touch, or do any violence to another however small, in a wanton, wilful, angry, or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault; and if such attempt is carried into effect, he is guilty of an assault and battery, and for either offense, he shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than five years, when no other punishment is prescribed."

As repeatedly held by this Court, the general statute was merely declaratory of the common law. *State* v. *Creighton*, 98 Me., 424, 57 A., 592; *State* v. *Mahoney*, 122 Me., 483, 120 A., 543.

Under the general statute, an indictment which charged an assault or assault and battery in general terms without specifying the

means by which it was accomplished has been deemed sufficient regardless of the enormity of the offense. In *State* v. *Jones*, 73 Me., 280, it was said: "We cannot know of what grade the offense is by the allegations. There is no necessity of alleging particular enormities. It is 'assault and battery' that is thus punishable. Whether an assault and battery shall be punished as of a high and aggravated character, depends upon the proof and not the intensity of the allegations." In *State* v. *Cram*, 84 Me., 271, 24 A., 853, not overruled on this point, we read: "Whilst by our statute an assault may be punished by five years' imprisonment, or by one day's confinement in jail, or by the merest nominal fine, still, the offense is now usually charged in the same terms whatever the punishment may be. And so it has been decided that the degree of the offense in any particular case must depend upon the proof adduced and not upon the facts alleged. The proof may constitute it a felony or only a petty misdemeanor. . . . Upon the proof would depend the measure of the punishment." And in *State* v. *Mahoney*, supra, an indictment charging a felonious assault, without any allegations as to the nature of the acts or attempted acts or the manner in which they were committed, was held sufficient. See *State* v. *Bean*, 36 N. H., 122, 126.

These decisions of this Court are in accord with the rule laid down in Bishop's New Criminal Procedure, Vol. I, Sec. 85, that "When the law commits to the court a discretion as to the punishment, matter in mitigation or aggravation, to influence such discretion, need not be averred. The judge, having the right to impose a specified penalty or a less or different one, at will, does no wrong to the defendant by administering the law's mercy on evidence tendered without allegation; or, on the other hand, by listening to aggravating facts to induce him to temper the mercy with justice. He simply can impose neither a greater nor other punishment than the law has provided for the crime as charged. This is an entirely different thing from punishing one for that of which he is not accused."

The only change made in the general statute by the amendment of P. L. 1933, Chap. 92, Sec. 6, is that now the maximum punishment which can be imposed for simple assault and battery has been reduced in severity, and the maximum penalty formerly provided for all such offenses is made to apply only to those of a high and aggravated nature. The definition of the crime is the same. There is

no demand for any particular measure of punishment for either offense, the imposition of sentence, within the statutory limits, being committed to the discretion of the trial judge. As we construe the new law, we are not of opinion that the legislature intended to divide assault and battery into separate and distinct crimes. It is still assault and battery which is punishable, and facts which establish that the offense is or is not of a high and aggravated nature go only to the measure of punishment and need not be alleged. The rules laid down for charging the offense under the general statute are neither abrogated nor changed by its amendment. The authorities already cited are controlling precedents for holding that assault and battery, regardless of its enormity, may be charged in general terms without specifying the means by which it was accomplished, and appropriate punishment imposed. *State* v. *Jones,* supra; *State* v. *Cram,* supra; Bishop's New Criminal Procedure, *supra.*

We find nothing in *State* v. *Neddo,* 92 Me., 71, 42 A., 253, or other authorities cited on the brief, in conflict with the view just stated. Although it is laid down that, if the different grades of a crime are made distinct offenses and punishment demanded accordingly, the essential elements of each offense must be alleged or the punishment provided therefor can not be imposed, that rule has no application when but a single offense is defined and punishment therefor is committed to the discretion of the court, subject only to maximum limits prescribed by the statute. 1 Bishop's Criminal Procedure, Secs. 81 and 85.

The plaintiff has attacked his sentence in the Trial Court, as is his right, by writ of error. *Smith* v. *State,* 33 Me., 48; *Galeo* v. *State,* 107 Me., 474, 480, 78 A., 867. His plea, however, must be denied and the judgment of the Trial Court affirmed.

*So ordered.*