STATE OF MAINE
*vs.*
RONALD BEY

Kennebec.   Opinion, January 20, 1965.

*Foahd Saliem, Asst. County Atty.,* for State.

*Robert Martin,*
*Philip S. Bird,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J.   On exceptions.   A jury found the appellant guilty of assault and battery.   The presiding justice found that the assault and battery was of a high and aggravated nature and sentenced accordingly.

Appellant purports to come to this court on exceptions and appeal.   He assigns as exceptions:

1.   That the verdict was against the evidence.

2.   That the verdict was against the weight of the evidence, and

3.   That the finding by the presiding justice that the offense was of a high and aggravated nature, was erroneous as a matter of law.

The record indicates, and indeed counsel concedes, that no exceptions were reserved during the trial.   No motion for a new trial was presented to the trial court.

The common law provided no appeal, and access to this court for review of exceptions as to matters of law and the record as to matters of fact, is gained only by provisions of the statute.   *Sears, Roebuck & Co.* v. *City of Portland, et al.,* 144 Me. 250, 254 68 A. (2nd) 12; R. S., 1954, Chapter 103, § 15 and Supplement; R. S., 1954, Chapter 106, § 14 and Supplement; R. S., 1954, Chapter 148, § 30 and Supplement, and see "Some Suggestions on Taking a Case to the Law Court" by the late Chief Justice, Edward F. Merrill as printed in 1951 Proceedings Maine Bar Association.

The insufficiency of evidence to support this verdict is not reviewable by the exceptions here expressed. There was no denial by the presiding justice of a motion by the accused for a directed verdict upon which an exception could be reserved. *State* v. *Navarro,* 131 Me. 345, 347, 163 A. 103. There was no denial by the presiding justice of a motion by the respondent for a new trial due to alleged lack of evidence and denial of that motion upon which an appeal could be founded. *State* v. *Sutkus,* 134 Me. 100, 101, 182 A. 15. There was no basis established in the present case for an appeal.

While no exception was reserved on the legality of the trial court's determination that the assault and battery of which the appellant was found guilty was of a high and aggravated nature, such ruling may be attacked by exception and the allowance by the trial court of an exception upon this point, we accept as conclusive. *Peter P. Carey* v. *Bourque-Lanigan Post No. 5, The American Legion, et al.,* 149 Me. 390, 394, 102 A. (2nd) 860. The only point before us for review is upon that exception.

We have, however, studied the record and the procedural lapse which forecloses exceptant from a review of the facts upon which his conviction is found is of no prejudice to him. The verdict of guilt on assault and battery came from dispute of fact supplied by a number of witnesses and in the light of all the evidence the jury was warranted in believing beyond a reasonable doubt that the accused was guilty. *State* v. *Bernatchez,* 159 Me. 384, 193 A. (2nd) 436.

The prosecution of the exception is in reality an "appeal" from the sentence imposed.

A discussion of the offense of assault and battery as defined in R. S., Chapter 130, § 21[1] will serve only to update

---

[1] "Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do

the case law on the subject. *Rell* v. *State,* 136 Me. 322, 9 A. (2nd) 129; and *State* v. *McKrackern,* 141 Me. 194, 41 A. (2nd) 817, establish the law controlling the present case. Our statute does not create an offense of *aggravated* assault whereby an aggravated assault must be defined. At common law there were, and are, no degrees of the offense of assault and battery. The term aggravated assault had, and has, no technical meaning. There was, and is, but one grade of the offense and the penalty varies according to the discretion of the court. "(F) rom early times, * * * it has been the judicial habit to look upon assaults as more or less aggravated by such attendant facts as appealed to the discretion for a heavy penalty." *Rell,* at 325. Whether an assault and battery shall be punished as of a high and aggravated character depends upon the proof. The offensive conduct may constitute a misdemeanor or a felony.

The "facts which establish that the offense is or is not of a high and aggravated nature go only to the measure of punishment * * * ." *McKrackern,* at 207.

We do not understand the exceptant to urge that *Rell* and *McKrackern* have not established the law, but that a definition of assault and battery of a high and aggravated nature should be established as a matter of judicial policy whereby the trial court may have definitive bounds within which to operate, which bounds, applied in the present case, would as a matter of law prevent a finding of aggravation.

Our statute is only declaratory of the common law, *Rell, supra,* and the common law defines assault and battery of a

---

some violence to such person, is guilty of an assault; and if such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months, or by both such fine and imprisonment; and when the offense is of a high and aggravated nature, the person convicted of either offense shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, when no other punishment is prescribed."

high and aggravated nature "as an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, or other aggravating circumstances." 6 Am. Jur. (2nd), Assault and Battery, § 50.

Whether or not facts exist to constitute aggravation of the charge is a matter for the presiding justice and "if in his opinion aggravation did attend the commission of the assault, then under the statute he had a right to give the more severe sentence as he did." *McKrackern,* at 208.

The presiding justice did not record his reasons for his finding of aggravation, nor was he required to do so. The record does reflect that, at time of trial, the person assaulted was 20 years of age, 5 feet 7 inches tall and weighed 120 pounds, and the assailant, here exceptant, was 26 years of age, "around" 6 feet tall and weighed 185 pounds. We cannot say that, at time of the event, there was not a "great disparity" between, if not the ages, the physical conditions of the parties. The presiding justice observed the two men, we cannot. We cannot say that there was not "purposeful infliction of shame and disgrace" upon the smaller man. There was credible evidence that the respondent continued to strike the complainant after the latter had been rendered unconscious by blows dealt by the respondent. The presiding justice could properly conclude on the basis of the evidence that the assault was wholly unprovoked and that there were no extenuating circumstances whatever. We cannot say that there were not "other aggravating circumstances." The exception must be overruled.

*So ordered.*
*Judgment for the State.*