Harold **POITRAW**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Oct. 23, 1968.

Asa Roach, Houlton, for petitioner.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for respondents.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

After hearing, a writ of habeas corpus was discharged below. Petitioner appeals. Certain issues sought to be raised initially by the petition having since been withdrawn from the case, we are left on review with but two asserted grounds for post conviction relief: 1. The alleged incompetency of counsel at petitioner's original trial; and 2. the failure of the Justice presiding at that trial to allow counsel sufficient time for preparation.

The learned Justice below made detailed findings and concluded: "I am fully satisfied that the petitioner was represented by competent counsel at his trial. I find that counsel was in no way handicapped by lack of time for preparation. The defendant was in no way harmed either by lack of time for preparation or by the fact that he was dressed in the clothes worn by him as an inmate of the County jail. * * The petitioner's complaint, in substance is that the jury found him guilty. The jury believed (the officer) on the critical issues and not the defendant."

■ We have examined the record of the post conviction hearing and the record of the original trial. The findings below are fully supported by the evidence. No useful purpose would be served by reciting here and at length the many complaints which the petitioner, on the basis of hindsight, now offers with respect to the trial strategy employed by an attorney who had represented him in other matters and whose appointment he requested of the Court. As is true in most cases where incompetency of counsel is charged, the attorney's only fault lies in the fact that he did not overcome factual odds and win an acquittal for his client.

■ There is no sixth amendment violation unless the representation by counsel

"was of such poor caliber as to reduce the proceedings to a farce or a sham, as where the representation was so ineffective as to make the conviction a mockery or manifest miscarriage of justice." Bennett v. State of Maine, et al (1965) 161 Me. 489, 499, 214 A.2d 667, 674. No such state of affairs was disclosed in this case. Bennett controls.

Appeal denied.

WILLIAMSON, C. J., did not sit.