STATE of Maine

v.

Robert P. WHEELER.

Supreme Judicial Court of Maine.

April 23, 1969.

Ronald E. Ayotte, Sr., County Atty., Alfred, for plaintiff.

Willie W. Pomerleau, Biddeford, for defendant.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

DUFRESNE, Justice.

On appeal. By grand-jury indictment dated May 9, 1968 the defendant was charged under 17 M.R.S.A. § 201 with the crime of assault and battery in that he, the said Robert P. Wheeler, of South Berwick, in the County of York and State of Maine, on the twenty-fourth day of April, 1968, at said South Berwick, on one Richard Landry, feloniously did make an assault, and him, the said Richard Landry, then and there feloniously did strike, beat, bruise, wound and ill treat. Represented by court-appointed counsel, defendant was arraigned on May 27, 1968 and entered a plea of not guilty. Jury trial ensued on June 3, 1968 in the Superior Court in York County. The State presented as witnesses the alleged victim, Mr. Landry, and State Trooper Heal who described the appearance of Mr. Landry after the assault, while the defendant sought to maintain his innocence through the testimony of 4 witnesses including himself. A verdict of guilty as charged in the indictment was returned by the jury against the defendant. On June 18, 1968 the presiding justice made an express finding that the assault was of a high and aggravated nature, resting such finding upon the evidence as presented at trial, and sentenced the defendant to a state prison term at hard labor for not less than 1½ years and not more than 4 years.

The defendant's appeal from judgment is based on the following asserted statements of points on appeal:

1. Title 17 M.R.S.A., Section 201, Assault and Battery, is unconstitutional.

2. Defendant was denied his constitutional rights of trial by jury.

3. The state failed to prove aggravation.

4. The state by implication in its use of witnesses, exhibits and records prejudiced the defendant in such a way as it was impossible for him to obtain a fair trial.

5. The Court erred in its charge to the jury by failing to inform it of the full contents of the statute regarding the crime involved and by not instructing the jury as to what evidence should be weighed in its determination.

In the light of our recent decision of State of Maine v. Ferris, Opinion January 24, 1969, Me., 249 A.2d 523, we need only concern ourselves with the defendant's stated claim of unlawful deprivation of his constitutional right to trial by jury. As in Ferris, defendant Wheeler was found guilty by the jury of the violation of our assault and battery statute, 17 M.R.S.A. § 201, the degree of the offense, whether simple or of a high and aggravated nature, being left for determination to the presiding justice and not to the jury. This Court, in Ferris, ruled that Duncan, Appellant v. Louisiana, May 20, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, controlled, and sustained the appeal. It pointed out that the procedure applied by the Court below in Ferris was routine trial administration in Maine prior to the announcement of the Duncan rule, and had well established judicial support, including the approval recently given in State v. Bey, 1965, 161 Me. 23, 206 A.2d 413 and State v. Tyler, 1966, Me., 219 A.2d 754. The Court emphasized, however, the incongruity of our trial procedure respecting assault cases in that a person is found guilty of a misdemeanor assault by the jury only to have the trial judge raise the offense to a felony by a finding that the assault was of a high and aggravated nature.

"This type of procedure [we added] is foreign to due process or governmental fair play and certainly results in the type of injustice to be frowned upon by a good and just order of criminal jurisprudence." State of Maine v. Ferris, supra.

The Ferris decision would readily indicate the probable outcome of the instant appeal, were it not for its last paragraph, where we said: "The holdings in this case are not retroactive. They do not affect

those persons whose trials had commenced prior to the certification of this opinion." Since the certification of *Ferris* was on January 24, 1969 and Wheeler's trial was held on June 3, 1968, if the *Ferris* certification date, to wit, January 24, 1969, were to stand as the cut-off date when the prospectivity rule announced in *Ferris* should apply, with no retrospectivity for any case tried prior thereto, then it is obvious that the defendant's alleged constitutional grievance would be beyond relief.

True, the United States Supreme Court agrees that our federal Constitution neither prohibits nor requires that retrospective effect be given to new legal concepts in the field of criminal jurisprudence made by court decisions changing the rules and law in existence at the time of trials, even in cases involving issues of constitutional dimension, provided that the reliability of the guilt-determining process is not seriously impugned. It may decree in appropriate cases in the interest of justice that newly announced rules in criminal procedure be applied prospectively only. Linkletter v. Walker, 1965, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601; Tehan v. United States, 1966, 382 U.S. 406, 86 S.Ct. 459, 461, 15 L.Ed.2d 453.

Several distinct eventualities were used by the United States Supreme Court as anchorage points of prospectivity of its decisions: (1) the finality-of-litigation concept, Linkletter v. Walker, supra; (2) the commencement of trial after the new rules were announced, Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; and (3) the occurrence of the alleged constitutional violation after the new judicial pronouncement issued, Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. *Duncan,* supra, which admittedly compelled us in *Ferris* to overrule our previously accepted criminal methodology respecting the trial of accusations of assault and battery on the ground that our approved past procedure invidiously assaulted the Constitution, held that the States must respect the right to jury

trial in serious criminal cases because in the context of the institutions and practices by which we adopt and apply our criminal laws, the right to jury trial generally tends to prevent arbitrariness and repression. Balancing the values involved in implementing the right to jury trial under the Sixth Amendment to the Constitution of the United States in situations such as *Duncan* and *Ferris,* the United States Supreme Court in DeStefano v. Woods, June 17, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L. Ed.2d 1308, held that such values "would not measurably be served by requiring retrial of all persons convicted in the past by procedures not consistent with the Sixth Amendment right to jury trial," and the cut-off date for the prospective application of *Duncan* was made May 20, 1968. The Court said:

"[W]e will not reverse state convictions for failure to grant jury trial where trials began prior to May 20, 1968, the date of this Court's decisions in Duncan v. Louisiana * * *."

*DeStefano,* although indicating that *Duncan* should be applied prospectively to cases where trials began after May 20, 1968, the date of the *Duncan* decision, impliedly ruled that the *Duncan* holding was retrospectively controlling in cases tried between the *Duncan* decision of May 20, 1968, and the *DeStefano* opinion of June 17, 1968. Wheeler's trial began and was concluded, so far as jury determination of guilt was concerned, on June 3, 1968, some 14 days after the *Duncan* rule was announced, and by the implied holding in *DeStefano* is subject to federal reversal for non-compliance with the *Duncan* mandate.

■ The *Duncan* rule, implementing as it does a federal constitutional right, was binding on the States and the Supremacy Clause of Article VI of the United States Constitution requires its obedience, at least from May 20, 1968 as directed in *DeStefano.* Sims v. State of Georgia, 1967, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593;

Duguay v. State, 1968, Me., 240 A.2d 738. Our cut-off date for the application of *Ferris* was improvidently set at a time subsequent to May 20, 1968, when the *Duncan* rule was announced, notwithstanding the *DeStefano* assertion that state convictions will not be subject to reversal for failure to grant jury trials where trials began prior to May 20, 1968. To bring our criminal procedure respecting trials for assault and battery within the constitutional guidelines set by the United States Supreme Court concerning the applicability of the Sixth Amendment right to jury trial in serious criminal cases, we now correct our statement in *Ferris* to read: The holdings in this case [Ferris] are not retroactive. They do not affect those persons whose trials had commenced prior to May 20, 1968, the date of the United States Supreme Court's decision in Duncan v. Louisiana, supra.

The record reveals that the defendant did not raise in the trial court the issue of jury determination of the fact of aggravation and that the presiding justice charged the jury respecting the accusation of assault and battery in instructions which were considered proper prior to the *Duncan* decision. No written requests for instructions were filed under Rule 30(b), M.R.Cr.P., nor were any objections to the charge made before the jury retired to consider its verdict, stating distinctly, as required by the rule, the matter objected to and the grounds of the objection. We note that *DeStefano* was announced on June 17, 1968, the day before the finding of aggravation by the presiding justice in the instant case. The issue was raised for the first time when Wheeler's counsel filed his statement of points on appeal on September 11, 1968.

■ It is a well established principle of Maine appellate procedure in criminal proceedings that questions not properly raised so as to have been considered and ruled upon by the trial judge will not be considered and passed upon for the first time on appeal. The foundation must be laid in the trial court for appellate review of the claim of error pressed in the Supreme Judicial Court. State v. Rowe, 1968, Me., 238 A.2d 217, 220. An objection to an action or a ruling of the presiding Justice made for the first time on appeal comes too late. State v. Langley, 1968, Me., 242 A.2d 688, 690.

■ We have recognized exceptions to the rule when the error complained of is so highly prejudicial and so taints the proceeding as virtually to deprive the aggrieved party of a fair trial. State v. Langley, supra. State v. Wright, 1929, 128 Me. 404, 148 A. 141; State v. Couture, 1960, 156 Me. 231, 163 A.2d 646; State v. Hathaway, Jr., 1965, 161 Me. 255, 211 A.2d 558; State v. White, 1966, Me., 217 A.2d 212. We have done so of our own motion where a criminal complaint was fatally defective. State v. Rowell, 1951, 147 Me. 131, 84 A.2d 140. We may conclude that an appellate court may consider questions raised for the first time on appeal if necessary to serve the ends of substantial justice or prevent the denial of fundamental rights. 5 Am.Jur.2d, Appeal and Error, § 549.

■ Should our state procedural rule precluding review on appeal of questions not raised at the trial level in the particular circumstances of the instant case bar the defendant from pressing before us his belated point of error on appeal that the lower court's finding of aggravation constituted a deprivation of his Sixth Amendment right to jury trial? We answer in the negative.

The United States Supreme Court in *Duncan* had ruled, only 2 weeks before the trial in the instant case, that the crime of assault when punishable by 2 years in prison [here the maximum punishment is 5 years] was a serious crime entitling one accused thereof to a jury trial and that such privilege if requested qualified for protection under the Due Process Clause of the Fourteenth Amendment and must be respected by the States. This overriding pronouncement of the United States Su-

preme Court was the existing law of the land on the date of the instant trial and was binding on the courts of this State. In effect *Duncan* inherently and completely nullified our bifurcated criminal procedure in prosecutions for assault and battery which up to that time this Court had on many occasions recognized as proper trial practice in Maine. We must admit that our criminal procedure struck down by *Duncan* gave an accused no choice and effectively denied him his constitutional right to jury trial respecting the serious aspect of our assault and battery statute. We realize however that *Duncan* holds no constitutional doubt that an accused may waive his constitutional right to jury trial.

In the wake of the *Duncan* decision, it became as much the duty of our courts to comply with the new directives as it was the obligation of counsel representing the accused to insist that the accused's right to jury trial on the matter of aggravation be accorded him. See, State v. Boisvert, 1967, Me., 236 A.2d 419, 422. After May 20, 1968, as confirmed by *DeStefano,* to dispense entirely with jury trials respecting the aggravated nature of the crime of assault under the arbitrary trial procedure pre-dating *Duncan* constituted a clear invidious deprivation of the constitutional right to jury trial guaranteed by the Sixth Amendment. We cannot overlook the brief lapse of time between the *Duncan* decision and the trial below (14 days), and between that decision and the finding of aggravation (29 days), as well as the even shorter interval between the *DeStefano* decision and the determination with respect to aggravation (1 day). Having in mind the demands upon the time and effort of the presiding justice faced with a heavy trial calendar, we are not surprised in the least that these significant and novel developments in constitutional law had not as yet come to his attention. Similarly, the inability of counsel in such a short period of time to keep abreast of this new expansion of constitutional law effectively negates any assertion that he validly waived his client's right to jury trial. The invalidation of our state procedure in the context of the instant case was on such short notice that counsel's failure to raise the constitutional privilege before the trial court must be viewed as the result of unfamiliarity with the constitutional change rather than as a deliberate trial stratagem. Under the exceptional circumstances of this case, the defendant Wheeler cannot be charged with that intelligent and knowing foregoing of his constitutional right to jury trial respecting aggravation as would constitute a valid waiver and preclude direct or collateral attack. Henry v. State of Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837. Collateral relief would be available under 14 M.R.S.A. § 5502 on the ground that Wheeler's sentence was imposed in violation of the Constitution of the United States, where the alleged error was not waived in the proceeding resulting in the conviction. Direct relief should be made available to prevent the denial to this defendant of a fundamental right of trial by jury, notwithstanding the failure of defense counsel to raise the issue at the trial level, especially where the point was belatedly presented on appeal, presumably at the first opportunity after the news of the *Duncan* and *DeStefano* rulings had reached counsel.

We hold that where the trial below was subject to the *Duncan* rule retroactively by the implied command of the *DeStefano* case, and where Wheeler's conviction was the product of a type of procedure foreign to due process and governmental fair play with probability of resulting injustice to be frowned upon by a good and just order of criminal jurisprudence, State v. Ferris, supra, the ends of justice demand that we grant appellate relief and set aside the conviction below.

The entry will be

Appeal sustained.

WILLIAMSON, C. J., did not sit.