Harold D. POITRAW

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

July 11, 1974.

Malcolm Berman, Houlton, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for the State.

Before DUFRESNE, C. J., and POMEROY, WERNICK, and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

On May 2, 1972 Harold D. Poitraw was convicted by an Aroostook County jury of the crime of possession of a firearm by a felon under 15 M.R.S.A. § 393.[1] On May 4, 1972 he was sentenced to a term in Maine State Prison of not less than two years and not more than five years. He appealed from sentence to the Appellate Division of the Supreme Judicial Court pursuant to 15 M.R.S.A., § 2141 without success. He filed no appeal to the Law Court and his 1972 conviction stands as a final judgment.

On January 27, 1973 Poitraw sought the writ of habeas corpus under 14 M.R.S.A., §§ 5501–5508, claiming that his present incarceration is illegal, because the reference felony conviction charged in the indictment for unlawful possession of a firearm by a felon within the statutory prohibited period was obtained in violation of his constitutional rights.

Poitraw's status as a felon was acquired on December 8, 1966 when he was tried before, and convicted by, another Aroostook County jury of the crime of assault and battery, the presiding Justice finding, in accordance with our recognized procedure

at the time, that the assault and battery was of a high and aggravated nature. Sentenced to a term in Maine State Prison of not less than one and one half years and not more than five years, Poitraw was released from said institution on January 31, 1968. This felony conviction, a necessary ingredient of the offense of possession of a firearm by a felon which the indictment in the instant case charged the habeas corpus petitioner with committing on April 16, 1971, was not challenged by appeal at the time and became a final judgment. On March 23, 1967 Poitraw, however, sought relief from his assault and battery conviction through the habeas corpus route, alleging two grounds for setting aside the conviction and sentence, 1) the insufficiency of the indictment and 2) incompetency of counsel. The first ground was withdrawn at the trial level and the second was decided against the petitioner. His appeal from this decision was denied. Poitraw v. State, 1968, Me., 246 A.2d 815.

At the Superior Court level, the petitioner's collateral attack upon his assault and battery conviction for alleged violation of his constitutional rights was articulated in the following manner:

"Petitioner was denied the right to appeal from the conviction and sentence

.   .   .   .

*     *     *     *     *     *

"Petitioner was never advised of his right to an appeal.

*     *     *     *     *     *

"Petitioner had ineffective assistance of counsel in that Petitioner's court appointed attorney   .   .   .   never advised, counseled, or informed Petitioner at any time that he could appeal, or that he had the right to appeal."

1. 15 M.R.S.A., § 393. Possession forbidden
   "It shall be unlawful for any person who has been convicted of a felony under the laws of the United States or of the State of Maine, or of any other state, to have in his possession any pistol, revolver or any other firearm capable of being concealed upon the person until the expiration of 5 years from the

date of his discharge or release from prison or termination of probation.
   *     *     *     *     *
   Anyone violating any of the provisions of this chapter shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment for not less than one nor more than 5 years."

The single Justice found the petition to be without merit and ordered it "dismissed on its face, without hearing and without appointment of counsel." His reasons for so doing were three in number, 1) the 1966 assault and battery felony conviction had not been judicially voided at the time Poitraw was charged with the unlawful possession of a firearm by a felon and, as in Beaulieu v. State, 1965, 161 Me. 248, 211 A.2d 290, he was not entitled in his attack upon the possession-of-a-firearm conviction to raise the alleged violations of his constitutional rights in the assault and battery case; 2) represented by counsel in his previous petition for the writ of habeas corpus, he could reasonably, and should then have, raised all the claimed errors asserted in his present petition, and his omission to do so constituted a waiver, 14 M.R.S.A., § 5507; 3) in fact the same issues were then raised as are now advanced.

Poitraw filed notice of appeal from the denial of his petition for relief in post conviction habeas corpus on April 17, 1973 and this Court on July 9, 1973 issued a certificate of probable cause pursuant to 14 M.R.S.A., § 5508 permitting the petitioner to proceed with his appeal to the Law Court. Counsel was then appointed for the indigent appellant and, in his designation of points on which he intended to rely on the appeal, submitted for consideration for the first time the illegality of his present imprisonment on the sole ground that the underlying assault and battery felony conviction obtained against Poitraw in 1966 was in violation of his constitutional rights of due process as announced by this Court's decision of State v. Ferris, 1969, Me., 249 A.2d 523, in that the assault and battery indictment did not allege aggravation, and he was not accorded a jury trial on the issue whether the assault and battery was of a high and aggravated nature.

■ This Court has refused to consider points raised on appeal which related to matters not contained in the petition for the writ of habeas corpus. Lemay v. State, 1968, Me., 244 A.2d 556. In Lumsden v. State, 1970, Me., 267 A.2d 649, we stated that an issue not submitted to the single Justice, absent a case of exceptional circumstances, will not be entertained for the first time on appeal.

■ We further recognize that the Legislature, in providing that the petition for the writ of habeas corpus seeking release from illegal imprisonment shall contain specific allegations of valid facts setting forth grounds upon which it is based,[2] indicated, as a matter of public policy, that the writ should be available to set aside criminal convictions for grievances asserted in factual detail and not in generalizations. Mottram v. State, 1970, Me., 263 A.2d 715. See also, Thursby v. State, 1966, Me., 223 A.2d 61 (coram nobis). A fortiori, should we abstain in appellate review from considering issues not raised in the foundational petition for relief.

But, in State v. Wheeler, 1969, Me., 252 A.2d 455, we said:

"It is a well established principle of Maine appellate procedure in criminal proceedings that questions not properly raised so as to have been considered and ruled upon by the trial judge will not be considered and passed upon for the first time on appeal. The foundation must be laid in the trial court for appellate review of the claim of error pressed in the Supreme Judicial Court [sitting as the Law Court].

\* \* \* \* \* \*

"We have recognized exceptions to the rule when the error complained of is so highly prejudicial and so taints the proceeding as virtually to deprive the aggrieved party of a fair trial. [citations omitted]

\* \* \* \* \* \*

"We may conclude that an appellate court may consider questions raised for

2. 14 M.R.S.A., § 5504.

the first time on appeal if necessary to serve the ends of substantial justice or prevent the denial of fundamental rights."

In State v. Ferris, supra, this Court held that the identical procedure whereby Poitraw was convicted in 1966 of the crime of assault and battery of a high and aggravated nature "is foreign to due process or governmental fair play and certainly results in the type of injustice to be frowned upon by a good and just order of criminal jurisprudence." In Ferris, we sustained the appeal on the ground that such procedure, which had the jury determine guilt of the commission of the assault and battery, but reserved to the judge the assessment of its severity for purposes of punishment as a misdemeanor or felony, was in violation of the defendant's constitutional right of trial by jury under the State and Federal Constitutions.

Appellant's counsel argues that the failure to apply at Poitraw's trial for assault and battery in 1966 the Ferris constitutional rule announced in 1969 denied him such a fundamental right that the resulting judgment of conviction purporting to characterize the assault and battery to be of a high and aggravated nature, if accorded full force and effect, would deprive him of substantial justice. He asserts forcefully that these considerations bring him within the exception to the rule that this Court will not decide issues raised for the first time on appeal.

■ Due to the serious impact which convictions of assault and battery obtained under our former trial procedure may still have in the administration of criminal justice and the important constitutional problem raised by the appellant's contention, we will consider this case an exception to the rule and discuss the issue as though it had been properly stated and preserved.

We note initially that in Ferris, we indicated by way of dictum that the new constitutional rule being announced would be applied prospectively, and not retroactively. In Wheeler, supra, we corrected the cut-off date from January 24, 1969, the day the Ferris opinion was certified, to May 20, 1968, the day when the United States Supreme Court's decision in Duncan, Appellant v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 was rendered.

The appellant contends that Ferris should be applied retroactively and not prospectively. However, the Duncan rule which caused the Ferris and Wheeler reversals was applied prospectively by the United States Supreme Court in DeStefano v. Woods, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308.

We pointed out in State v. Wheeler, supra, 252 A.2d at page 455, that

"the United States Supreme Court agrees that our federal Constitution neither prohibits nor requires that retrospective effect be given to new legal concepts in the field of criminal jurisprudence made by court decisions changing the rules and law in existence at the time of trials, even in cases involving issues of constitutional dimension, *provided that the reliability of the guilt-determining process is not seriously impugned.* It may decree in appropriate cases in the interest of justice that newly announced rules in criminal procedure be applied prospectively only. Linkletter v. Walker, 1965, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601; Tehan v. United States, 1966, 382 U.S. 406, 86 S.Ct. 459, 461, 15 L.Ed.2d 453." (Emphasis supplied).

■ The guidelines for determining retroactivity vel non of cases reversing prior doctrines in the area of the criminal law were well stated in Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. These criteria are: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of jus-

tice of a retroactive application of the new standards."

■ Analyzing our problem from the point of view of these three factors, we reach the same conclusion the *DeStefano* Court did that the *Duncan—Ferris* rule should have only prospective application. First, the purpose to be served by having the jury determine the high and aggravated nature of the assault and battery, even though such qualitative factual determination be for punitive measurement only, is that it tends to prevent, as in all jury findings, arbitrariness and repression. The integrity of the truth-determining process is not involved. Decisions by judges alone may not be characterized as unfair per se. A defendant may be as fairly treated by a judge as he would be by a jury. The values inherent in the right to jury trial of any issue would not significantly be advanced by requiring retrial of all persons convicted pre-*Duncan* by a procedure well imbedded in the criminal jurisprudence of Maine, although violative of the defendants' Sixth Amendment right to jury trial. Second, our bifurcated procedure in assault and battery cases, dating back to 1933,[3] has been a well recognized trial practice in the criminal justice system in Maine, and has been relied upon in good faith by the judiciary, the enforcement authorities and the public generally. It has received the intermittent approval of this Court through the years until the *Duncan* decision cast doubt on its constitutionality. See, Rell v. State, 1939, 136 Me. 322, 9 A.2d 129, 125 A.L.R.

602; State v. McKrackern, 1945, 141 Me. 194, 41 A.2d 817; State v. Bey, 1965, 161 Me. 23, 206 A.2d 413; State v. Tyler, 1966, Me., 219 A.2d 754. Third, even though we have no actual knowledge of the number of cases in which convictions of assault and battery high and aggravated in nature otherwise properly obtained would have to be set aside or disregarded as the result of a retroactive application of the *Duncan—Ferris* rule, we have reason to believe that the number would be substantial. The impact of a holding of retrospectivity on the administration of justice would be significant. It would tend to frustrate in considerable degree the purposes which the Legislature has endeavored to accomplish when in 1955[4] possession of firearms by felons was originally prohibited. The enforcement authorities would be impeded in their use of the recidivist statute as a tool in crime deterrence.[5]

■ We now hold that the constitutional rule first announced by this Court in *Ferris* and restated in *Wheeler* is not applicable to cases of persons whose trials took place or commenced prior to May 20, 1968. The appellant's lone grievance is without merit.[6]

The entry will be

Appeal denied.

WEATHERBEE and ARCHIBALD, JJ., did not sit.

All Justices concurring.

3. Public Laws, 1933, c. 92, § 6.

4. Public Laws, 1955, c. 310.

5. 15 M.R.S.A., § 1742.

6. We have not considered the single Justice's holding that, so long as his 1966 conviction

of assault and battery of a high and aggravated nature had not been voided by judicial decree, the appellant, at the time of the charge of possessing a firearm, was a felon within the meaning of 15 M.R.S.A., § 393 and could not then collaterally attack the prior conviction. We intimate no opinion thereon.