2005 ME 83

**STATE of Maine**

v.

**Christian AVERILL.**

Supreme Judicial Court of Maine.

Argued: June 8, 2004.

Reargued: Sept. 23, 2004.

Decided: June 29, 2005.

Opinion on Rehearing Nov. 16, 2005.

---

Norman R. Croteau, District Attorney, Deborah Potter Cashman, Asst. Dist. Atty. (orally), Auburn, for State.

George A. Hess, Auburn, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

Majority: SAUFLEY, C.J., and DANA, CALKINS, and LEVY, JJ.

Dissent: CLIFFORD, RUDMAN, and ALEXANDER, JJ.

CALKINS, J.

[¶ 1] Christian Averill appeals his sentence for gross sexual assault (Class A), 17–A M.R.S.A. § 253(1)(A) (Supp.2002),[1] imposed after a jury trial in the Superior Court (Androscoggin County, *Delahanty, J.*). Averill contends that his sentence is illegal because it was imposed in violation of his Sixth Amendment right to a jury determination of the facts necessary to impose a sentence exceeding twenty years. Consistent with our opinion today in *State v. Schofield,* 2005 ME 82, 2005 WL 1529678, we find that the process used in setting Averill's sentence violated his Sixth Amendment rights and remand the case for resentencing.

## I.  BACKGROUND AND PROCEDURE

[¶ 2] Averill was indicted for the gross sexual assault of a student on a college campus in Lewiston during the night of April 5, 2002. In a proceeding pursuant to M.R.Crim. P. 11, Averill pleaded guilty to the gross sexual assault charge. In return for his plea, the State recommended a sentence of twenty years, with all but twelve years suspended and a period of probation for ten years. The court ordered a presentence report by the Division of Probation and Parole and a forensic evaluation by the State Forensic Service.

[¶ 3] After reviewing the presentence and forensic reports, the court concluded that the recommended sentence was not sufficient. The court allowed Averill to withdraw his guilty plea, M.R.Crim. P. 11A(e), and the matter was tried before a jury, which found him guilty of gross sexual assault. At sentencing, the court noted that it had reviewed the presentence and forensic reports that had been filed earlier as well as the parties' sentencing memo-

---

1. This statute has been amended since Averill's conviction. P.L. 2003, ch. 383, § 14 (effective January 31, 2003) (codified at 17–A M.R.S.A. § 253(1)(A) (Supp.2004)).

randa. It also had a report from Averill's expert and a letter from the victim's parents, and the victim's father spoke at the sentencing hearing.

[¶ 4] The court followed the three-step statutory sentencing process. 17–A M.R.S.A. § 1252–C (Supp.2004); see State v. Hewey, 622 A.2d 1151, 1154–55 (Me. 1993). In arriving at the basic sentence, the first step in the sentencing process, 17–A M.R.S.A. § 1252–C(1), the court considered whether to impose a prison term in excess of twenty years. The court concluded that the offense "rank[ed] among the most heinous ways" that gross sexual assault could be committed and that an upper range sentence was justified. The court set the basic sentence at twenty-eight years.

[¶ 5] In the second step in the sentencing process, the court analyzed the mitigating and aggravating factors. 17–A M.R.S.A. § 1252–C(2). The court noted Averill's juvenile record and Averill's acquittal on another charge of gross sexual assault, specifically recalling that Averill's testimony in the other trial demonstrated "his callous attitude towards sex and his attitude towards women as objects." The court concluded that the aggravating factors substantially outweighed the mitigating factors and increased the basic sentence of twenty-eight years to a maximum sentence of thirty-four years. In the final step of the sentencing analysis, 17–A M.R.S.A. § 1252–C(3), the court suspended all but twenty-four years and placed Averill on probation for ten years because of its assessment of Averill's risk to reoffend.

[¶ 6] We granted Averill leave to appeal the sentence pursuant to 15 M.R.S.A. §§ 2151–2157 (2003) and M.R.App. P. 20. He has not appealed the conviction. The case was first argued shortly before the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and we heard further arguments on the *Blakely* issue a few months later.

## II. DISCUSSION

### A. Sixth Amendment Violation

[¶ 7] In *Schofield*, 2005 ME 82, ¶¶ 20–21, 876 A.2d at 49–50, we held that because a factual finding of heinousness is a prerequisite to a sentence in the twenty- to forty-year range, a criminal defendant has a Sixth Amendment right to have a jury determine heinousness beyond a reasonable doubt. Averill argues that he was entitled to have the issue of heinousness presented to the jury and was denied his Sixth Amendment rights when a sentence in excess of twenty years was imposed without his being given the opportunity to have a jury make that determination. *Id.* ¶¶ 28–36, 876 A.2d at 52–54.

[¶ 8] Averill, like the defendant in *Schofield*, did not raise the Sixth Amendment issue in the trial court. In *Schofield*, we applied the obvious error standard of review, and for the reasons expressed therein, we apply the same standard here.

[¶ 9] Averill was sentenced pursuant to 17–A M.R.S.A. § 1252(2)(A) (Supp.2001),[2] which authorized the court to sentence him to a maximum term of twenty-to-forty years "based on either the nature and seriousness of the crime alone or on the nature and seriousness of the crime coupled with the serious criminal history of the defendant." 17–A M.R.S.A. § 1252(2)(A). Unlike the defendant in *Schofield*, Averill has a criminal history. The transcript of the court's sentencing hearing, however, indicates that the court's

---

**2.** Title 17–A M.R.S.A. § 1252(2)(A) has since been amended by P.L.2003, ch. 657, § 10 (effective July 30, 2004) (codified at 17–A M.R.S.A. § 1252(2)(A) (Supp.2004)).

determination that Averill's offense qualified for a maximum sentence of in the range of twenty-to-forty years was based solely on its finding that Averill's crime was among the most heinous. Because we cannot determine from this record, beyond a reasonable doubt, that a jury acting rationally would have found that Averill's crime was among the most heinous crimes committed against a person, we must conclude that the sentencing process here constitutes obvious error affecting substantial rights. Therefore, we vacate his sentence and remand for resentencing pursuant to the procedures specified in *Schofield*.

## B. Resentencing

[¶ 10] As we stated in *Schofield*, Averill can be sentenced without further fact-finding to a sentence of twenty years or less. *Schofield*, 2005 ME 82, ¶ 40, 2005 WL 1529678,. A sentencing trial is required if the State recommends, and/or the court is inclined to impose, a sentence in excess of twenty years based on heinousness. *Id.* If a jury[3] finds that Averill's crime is among the most heinous, the court may sentence him in the upper range.

[¶ 11] Averill has not argued that an upper range sentence based not on heinousness, but instead on the "nature and seriousness of the crime coupled with the serious criminal history of the defendant," 17–A M.R.S.A. § 1252(2)(A), requires a jury to find facts. Therefore, we do not opine on the Sixth Amendment requirements in that regard except to note that in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court excluded "the fact of a prior conviction" from the Sixth Amendment requirement of a jury trial.

The entry is:

Sentence vacated. Remanded to the Superior Court for proceedings consistent with this opinion.

CLIFFORD, J., with whom RUDMAN, and ALEXANDER, JJ., join, dissenting.

[¶ 12] I respectfully dissent. As articulated in the dissent in *State v. Schofield*, 2005 ME 82, ¶ 48, 2005 WL 1529678, (Clifford, J., dissenting), the discretionary determinations that our sentencing judges undertake pursuant to 17–A M.R.S.A. § 1252(2)(A) (Supp.2001) in considering whether to impose a sentence in excess of twenty years are not the kind of discrete factual determinations that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), require be made by a jury.

[¶ 13] Section 1252(2)(A) calls for the court to consider a defendant's serious criminal history, as well as the nature and seriousness of the crime, in imposing a sentence in excess of twenty years. 17–A M.R.S.A. § 1252(2)(A). In my view, neither of these subject matters need be, nor should be, considered by a jury.

[¶ 14] Pursuant to our existing law, discrete prior criminal convictions that lead to a higher classification of crime, or that can lead to longer sentences, have to be pleaded and proved beyond a reasonable doubt. *See, e.g.,* 17–A M.R.S.A. §§ 9–A, 1252(4), (4–A), (4–B), (4–C), (4–D), (5), (5–A), 1256 (1983 & Supp.2004); M.R.Crim. P. 3(a); *see also* 29–A M.R.S.A. § 2411 (1996 & Supp.2004). A jury can readily find as an objective fact that a defendant has or has

---

**3.** Averill could waive a jury trial, in which case the court would act as the fact-finder.

Whether it is the jury or the court, the burden of proof is beyond a reasonable doubt.

not been convicted of such crimes. Although no such convictions were alleged by the State against Averill, section 1252(2)(A) does contemplate a *subjective* review of a defendant's previous *general* criminal history. The seriousness of that criminal history is not an undertaking that a jury is required to review.[4] Rather, such an evaluative assessment can be properly carried out only by a sentencing judge.

[¶ 15] We should make this same kind of distinction between the subjective assessment undertaken pursuant to section 1252(2)(A), i.e. whether Averill's crime is among the most heinous and violent crimes that can be committed against a person, and the discrete findings of objective facts that are more appropriate for a jury to make. In *Apprendi* and *Blakely,* the facts that the sentencing courts found after trial and on which they relied in increasing the sentences "could easily have been charged as elements of the offense because they were objective findings and thus readily amenable to disposition at trial." *State v. Lett,* 2005 Ohio 2665, ¶ 21, 161 Ohio App.3d 274 (2005). Pursuant to existing Maine law, such objective facts incident to a crime that may enhance the penalty for that crime, similar to those at issue in *Apprendi* and *Blakely,* must be pleaded and proved beyond a reasonable doubt. *See State v. Briggs,* 2003 ME 137, ¶ 5, 837 A.2d 113, 116; *State v. Hodgkins,* 2003 ME 57, ¶¶ 9–11, 822 A.2d 1187, 1191–93; *State v. Burdick,* 2001 ME 143, ¶ 20, 782 A.2d 319, 325–26; *State v. Wheeler,* 252 A.2d 455 (Me.1969); *State v. Ferris,* 249 A.2d 523 (Me.1969). The analysis of the nature and seriousness of Averill's crime required by section 1252(2)(A) is much different, however, because it involves a comparison of the way that a defendant has committed a crime with other ways that the crime could have been committed. Such a subjective determination has been, and should continue to be, for a judge to make.

[¶ 16] As I concluded in the dissent in *Schofield,* 2005 ME 82, ¶ 52, 2005 WL 1529678 section 1252(2)(A) does not implicate the Sixth Amendment, and I would not remand for resentencing. Rather, I would address the propriety of Averill's sentence.

## ORDER OF RECONSIDERATION

### PER CURIAM.

The State's Motion for Reconsideration is granted insofar as it requests reconsideration of the language in *State v. Schofield,* 2005 ME 82, ¶ 10, 2005 WL 1529678. All other portions of the State's Motion for Reconsideration were previously denied by Order dated August 16, 2005.

Upon reconsideration, the Court amends paragraph 40 of the *Schofield* opinion to read as follows:

[¶40] On remand, Schofield may be sentenced constitutionally within the zero- to twenty-year range without the need for further fact-finding regarding heinousness. If the State recommends a sentence in the upper range, or if the court is inclined to impose such a sentence even in the absence of a recommendation, Schofield must be provided with the opportunity for a sentencing trial before the fact-finder of her choice (i.e., judge or jury). If she selects a jury, at the beginning of the proceeding, the trial judge should instruct the jury as follows:

---

4. As the Court notes in ¶ 11, the Supreme Court has excluded the fact of a prior conviction from the Sixth Amendment requirement of a jury trial. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see also Blakely v. Washington,* 542 U.S. 296, 301, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004).

You are being asked to make a decision today that will assist me in sentencing Ms. Schofield who has been convicted of the Class A offense of manslaughter.

In imposing sentences, judges are required to look at a number of circumstances concerning the defendant, the victim, and the commission of the crime. One of the circumstances that a jury is required to determine is whether the offense committed by the defendant is among the most heinous crimes committed against a person.

The parties will provide information and testimony from which you can evaluate the offense committed by Ms. Schofield and determine whether it is among the most heinous committed against a person.

ALEXANDER, J., statement of nonconcurrence.

Because I do not believe that the original sentencing was affected by any error of law or that any jury trial is required for sentencing, I do not join this amendment order.