STATE OF MAINE
PENOBSCOT, ss

FILED & ENTERED
SUPERIOR COURT

OCT 1 1 2006

PENOBSCOT COUNTY

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO.: CR-05-183
JM J -PEN- /D

PATRICK ALEXANDRE,

          Petitioner

    v.

STATE OF MAINE,

          Respondent

)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 6 2006

Pending before the court is Petitioner's petition for post-conviction review, which was filed pursuant to 15 M.R.S.A. §§ 2121-2132. The court held an evidentiary hearing on August 31, 2006. David Van Dyke, Esq., appeared on behalf of Petitioner and Fernand LaRochelle, Assistant Attorney General, appeared on behalf of the State. After considering the evidence presented at hearing, this court grants Petitioner's petition.

## BACKGROUND

In CR-01-847, Petitioner was charged by indictment with murder (Count I) and kidnapping (Class A) (Count II). He pled not guilty to both counts and following a jury trial was convicted of kidnapping and the lesser-included offense of manslaughter. On October 2, 2003, the court sentenced Petitioner to the Department of Corrections to a term of forty years on each count, concurrent. Petitioner subsequently filed a notice of appeal and filed leave to appeal the sentence. The Law Court denied his request for leave to appeal the sentence on December 12, 2003 and affirmed the judgment of conviction on November 23, 2004. Thereafter, Petitioner filed his timely petition for post-conviction review on February 9, 2005.

1

Petitioner initially set forth three proper grounds for post-conviction relief: ineffective assistance of trial counsel, coerced confession, and illegal sentence. Petitioner restricted his arguments at hearing to his ineffective assistance of trial counsel and illegal sentence claims.

## A. Ineffective Assistance of Trial Counsel

In order to establish that he received ineffective assistance of trial counsel, Petitioner must establish two predicates. First, Petitioner must demonstrate that the performance of his attorney was below that of an ordinary fallible attorney and, second, that his attorney's performance was prejudicial in that it deprived Petitioner of a substantial ground of defense or likely affected the outcome of the trial, sentencing or appeal. *See State v. Brewer*, 1997 ME 177, ¶¶ 19-20, 699 A.2d 1139, 1144.

Petitioner alleges ineffective assistance of trial counsel with respect to six general areas. The court will address each in turn.

### 1. Charles Tuttle Testimony

Petitioner alleges that his trial counsel was ineffective by failing to secure the testimony of Charles Tuttle at trial. During police interviews, Mr. Tuttle had stated that Charles Emery admitted to him handcuffing and burying the victim alive.

First, the court notes that at trial Petitioner admitted that he drove the skidder that dug the hole in which the victim was placed. Second, Maine State Police Officers McMasters and Peary both testified at the post conviction hearing to their unsuccessful efforts to locate and subpoena Mr. Tuttle for trial. Third, at the post conviction hearing, Petitioner's trial attorney stated that he did not think Mr. Tuttle would have been an important witness at trial because he had other evidence besides Mr. Tuttle's prospective testimony that would clearly delineate that Mr. Emery

2

committed the homicide. In addition, the trial attorney did not want the jury to know or have restated in any fashion that the victim was buried alive. The Law Court has held that "considerable latitude [must] be given to the strategic decisions of trial counsel." *Levesque v. State*, 664 A.2d 849, 851 (Me. 1995). Reviewing trial counsel's actions under this standard, Petitioner has not met his burden of demonstrating that trial counsel performed at a level beneath that of an ordinary fallible attorney. In addition, trial counsel's actions did not unduly prejudice Petitioner because even State officials could not locate Mr. Tuttle's whereabouts.

### 2. *Kidnapping Statute of Limitations*

Petitioner next alleges that his attorney was ineffective in failing to file a motion to dismiss with respect to the kidnapping charge, as the pertinent statute of limitations had run at the time the State filed the charge. This court recognizes that, had the motion to dismiss been filed, the kidnapping charge would have been dismissed as a matter of law. The failure of trial counsel to bring such a motion, however, is harmless error. After considering the nature of the case and the evidence brought against the defendant, the court finds that the kidnapping charge was secondary to the murder charge. Even if the kidnapping charge had been dismissed, the jury would still have found the defendant guilty of manslaughter. Petitioner has therefore failed to demonstrate that he was unduly prejudiced by his trial counsel's failure to file a motion to dismiss. *See True v. State*, 457 A.2d 793, 797 (Me. 1983) ("the burden is clearly on the defendant to make the initial showing that there was deficiency in the performance of trial counsel, and that this deficiency likely influenced the outcome of the trial.").

### 3. *Discovery and Related Matters*

#### a. *Polygraph Results*

Petitioner alleges that trial counsel was ineffective by failing to obtain Petitioner's

polygraph reports. Petitioner wanted to submit the charts and raw data to an expert for interpretation. The court finds this claim without merit. The polygraph results would not have been admissible in the trial under any circumstances, even if the desired expert had determined that Petitioner was truthful during the polygraph. *See State v. Bowden*, 342 A.2d 281, 285 (Me. 1975). Further, the setting of the polygraph examination and the events surrounding the polygraph examination set the stage for Petitioner's interviews with law enforcement officials. Petitioner made statements during those interviews that were used by the prosecution, and not the polygraph results themselves. The court denied Petitioner's motion to suppress these statements following several hearings. Considering this evidence, the court finds that Petitioner was not prejudiced by his trial counsel's failure to obtain the polygraph results.

### b. Excavation Video

Petitioner alleges that his trial counsel was ineffective by failing to obtain or review a video of the hole where the victim was buried. Petitioner admitted at the hearing that he does not know what was on the tape and has therefore failed to demonstrate that the contents of the video would have effected the outcome of his trial. Therefore, this allegation is without merit.

### c. Duct Tape and Gag

Petitioner alleges that his trial counsel was ineffective by failing to obtain pieces of the duct tape or gag that were found on the victim. Petitioner produced no evidence at the hearing indicating how, had these items been obtained by trial counsel, they would have altered the outcome of the case. Therefore, this allegation is without merit.

### d. Other Discovery and Expert Witness

The Petitioner claims that he was never shown the second report by Dr. Seul, an expert in

the case. Petitioner alleges that Dr. Seul's second report, which states that the victim died by asphyxiation, contradicts the first report, which states that the victim died of blunt trauma. Petitioner claims that counsel should have hired an expert, however, he presented no evidence indicating how a pathologist expert could have changed the outcome of the case. In addition, Petitioner's trial counsel testified at the hearing that he did not feel a pathological expert would have helped Petitioner's case and, further, that he did not want to focus on the distinction between asphyxiation and blunt trauma. Again, reviewing trial counsel's strategic decision with wide latitude, this court finds that Petitioner's trial counsel did not act below the level of an ordinary fallible attorney.

### 4. Manslaughter Statute of Limitations

Petitioner alleges that his trial counsel was ineffective by failing to raise the statute of limitations as a defense when the jury returned a guilty verdict for the lesser-included charge of manslaughter. Petitioner's claim is groundless. If Petitioner had been initially charged with manslaughter, the charge would have been dismissed for violating the statute of limitations. However, the Petitioner was charged with murder, an offense that is not barred by the statute of limitations. Maine law is clear that the statute of limitations shall not bar a conviction for a lesser-included charge "notwithstanding that the period of limitation has expired for the included crime, if as to the crime charged the period of limitation has not expired or there is no such period, and there is evidence which would sustain a conviction for the crime charged." 17-A M.R.S.A. § 8(7). *See also State v. Kotredes*, 2003 ME 142, 838 A.2d 331; *State v. Hicks*, 495 A.2d 765 (Me. 1985). Petitioner's trial counsel was not ineffective by failing to argue against a clearly established rule of law.

5

## 5. Lesser-Included Instruction

Petitioner also argues that his trial counsel was ineffective by failing to object to the court's manslaughter instruction to the jury, which Petitioner claims was unconstitutional. This claim is totally without merit, having no basis in law. Thus, Petitioner's trial counsel was not ineffective for failing to raise this issue at trial.

## 6. *Apprendi* and *Blakely*

Finally, Petitioner argues that his trial counsel was ineffective by failing to raise the case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), at sentencing. In this case, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

During the evidentiary hearing, Petitioner's trial counsel indicated that he was generally aware of *Apprendi* at the time of sentencing, but failed to raise it because he did not think that the crime in question was "heinous," the finding necessary for the court to enhance the sentence beyond the statutory maximum. *See State v. Hewey*, 622 A.2d 1151, 155 (Me. 1993) (citing *State v. Lewis*, 590 A.2d 149, 151 (Me. 1991)) ("Of all Class A offenses, only the 'most heinous and violent crimes committed against a person' are punishable by a maximum period of incarceration above the 'original' limit."). This court finds that Petitioner's trial counsel acted in a manner below that of an ordinary fallible attorney by failing to raise *Apprendi* on behalf of Petitioner at sentencing. At the time of Petitioner's sentencing on October 2, 2003, *Apprendi* was the law of the land and, had it been brought to the court's attention, would have resulted in a jury determination of whether or not the crime Petitioner committed was sufficiently "heinous" to warrant a sentence beyond the statutory maximum.

Likewise, Petitioner argues that his trial counsel was ineffective by failing to raise *Apprendi* or the case of *Blakely v. Washington* on appeal. 542 U.S. 296. *Blakely* was decided shortly after Petitioner filed his appeal, but ten months before the Law Court decided the appeal on November 23, 2004. In *Blakely*, the defendant pled guilty to kidnapping and was sentenced beyond the statutory maximum[1] for the crime after a judicial determination that the defendant had acted with deliberate cruelty, an aggravating factor. *Id.* at 298. On appeal, the United States Supreme Court, applying the *Apprendi* rule, held that this sentence violated the defendant's Sixth Amendment right to a jury trial. *Id.* at 305. At the evidentiary hearing, Petitioner testified that he sent two letters to his trial counsel requesting that his attorney raise *Blakely* to the court in his appeal. The trial attorney testified at hearing that he never received such a request from his client. Nonetheless, this court concludes that trial counsel should have raised *Apprendi* and *Blakely* on appeal, because an ordinary fallible attorney would have recognized that Petitioner's sentence violated the mandates of these two cases.

### B. Illegal Sentence

As the court has just examined, the *Apprendi* and *Blakely* cases clearly establish that any facts used by a court to enhance a criminal sentence beyond the statutory maximum must be submitted to a jury for determination beyond a reasonable doubt. Although Petitioner's trial counsel failed to bring this case law to the court's attention, it was improper for the court to enhance Petitioner's sentence beyond the statutory maximum without a jury determination that the crime he committed was "heinous" in nature.

In determining that Petitioner's sentence is illegal, the court would like to make two points. First, whether or not *Blakely* or *Apprendi* are retroactive is not a factor with regards to

---

[1] *Blakely* defined the statutory maximum for *Apprendi* purposes as the sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Id.* at 304.

7

Petitioner's sentence. As stated previously, Petitioner was sentenced after *Apprendi* was decided and his appeal was not final when *Blakely* issued. Second, the facts of Petitioner's conviction and sentence are similar to the case of *State v. Schofield*, decided by the Law Court on June 29, 2005. 2005 ME 82, 895 A.2d 927. *Schofield* was the first case in which the Law Court applied *Apprendi* and *Blakely* in overturning a defendant's sentence on appeal. Had *Blakely* and *Apprendi* been raised on appeal, this case could very easily have established the precedent that *Schofield* stands for today. Therefore, it is not necessary for the court to determine the retroactivity of the *Schofield* case at this time.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for post-conviction review is GRANTED. Petitioner's sentence in CR-01-847 is VACATED and the matter will be set for RESENTENCING. If the State recommends a sentence beyond the statutory maximum or the court wishes to impose a sentence beyond the statutory maximum, then Petitioner is entitled to a sentencing trial before a fact finder of his choice. *See State of Maine v. Christian Averill*, 2005 ME 83, 887 A.2d 519, Order of Reconsideration dated November 16, 2005.

Dated: October 11, 2006

Joseph M. Jabar
Justice, Superior Court

8

Patrick Alexandre v. State of Maine
Post Conviction Review
Penobscot County Superior Court Docket No. CR-2005-183


Attorney for Petitioner:

David J. Van Dyke, Jr. Esq.
P.O. Box 116
Lewiston, ME 04243-0116


Attorney for Respondent:

Fernand R. Larochelle, Ass't Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333